THE ATTORNEY GENERAL
OF TEXAS


PRICE DANIEL
ATTORNEY GENERAL

March 14, 1952

Hon. Robert S. Calvert                    Opinion No. V-1421
Comptroller of Public Accounts
Austin, Texas                             Re: Occupation tax rate on liq-
                                              uid hydrocarbons recovered
                                              from gas by means of a sep-
                                              arator or other non-mechan-
                                              ical methods incidental to
Dear Mr. Calvert:                             the production of the gas.

        Your request for an opinion of this office reads in part
as follows:

        "Please advise me whether liquid hydrocarbons
    recovered from gas by means of a separator or other
    non-mechanical methods incidental to the production
    of said gas are to be taxed at 4.125¢ per barrel when-
    ever the value is less than $1.00 per barrel and at
    4-1/8% of the value whenever the value is more than
    $1.00 per barrel, or if the rate should be 4.6¢ per
    barrel whenever the value is less than $1.00 per bar-
    rel and 4.6% of the value whenever the value is more
    than $1.00 per barrel.

        "It has been my interpretation that the tax rate,
    effective September 1, 1951, on liquid hydrocarbons
    recovered from gas by means of a separator or other
    non-mechanical methods incidental to the production
    of said gas is 4.6¢ per barrel whenever the value is
    less than $1.00 per barrel and 4.6% of the value when-
    ever the value is more than $1.00 per barrel. How-
    ever, due to the large number of taxpayers who have
    taken exception to this interpretation, I will appreciate
    your opinion as to the correct tax rate. . . ."

        Section III of House Bill 285, Acts 52nd Leg., R.S. 1951,
ch. 402, p. 695, amends Section 1(1) of Article 7047b, V.C.S., by
increasing the tax on production of gas from 5.2 per cent to 5.72
per cent of the market value, and reads in part as follows:

        "There is hereby levied an occupation tax on the
    business or occupation of producing gas within this
    State, computed as follows:

"A tax shall be paid by each producer on the amount of gas produced and saved within this State equivalent to 5.72% of the market value thereof as and when produced; provided that the amount of such tax on sweet and sour natural gas shall never be less than 121/1500 of One Cent (1¢) per one thousand (1,000) cubic feet."

Section 1(3) of Article 7047b, V.C.S., provides:

"All liquid hydrocarbons that are recovered from gas by means of a separator or by other non-mechanical methods, incidental to the production of said gas, shall be taxed at the same rate as oil as levied by Acts of 1941, Forty-seventh Legislature, Chapter 184, Article I, Section 1."

Article 7047b, V.C.S., levies an occupation tax on the business of producing gas in this State. The tax is based upon the market value of the gas as produced. W. R. Davis v. State, 142 Tex. 637, 180 S.W.2d 429 (1944); Canadian River Gas Co. v. Bivins, 137 Tex. 347, 153 S.W.2d 432 (1941).

Section 1(3) of Article 7047b specifically provides the manner and rate of taxing certain liquid hydrocarbons recovered from the gas by means of a separator or other non-mechanical means. This provision, which has the effect of taxing those liquid hydrocarbons produced with the gas at the lower rate provided for oil rather than at the same rate as gas, had its origin in Article II of House Bill 8, Acts 47th Leg., R.S. 1941, ch. 184, p. 269. The pertinent part of paragraph (1) of Section 1 of Article II of that Act read as follows:

". . . All liquid hydrocarbons that are recovered from gas by means of a separator or by other nonmechanical methods shall be taxed at the same rate as oil as levied by Article I of this Act."

Article I of House Bill 8 referred to above levied an occupation tax upon the production of oil at the rate of 4.125 percent of the market value thereof whenever such value was in excess of $1.00 per barrel.

Article 7047b was amended in 1945 by changes in the wording of and in the addition of certain sections. Acts 49th Leg., R.S. 1945, ch. 269, p. 423. There was no change in the amount of the tax levied upon the production of gas. That portion of Section 1 of Article II of House Bill 8 relating to the taxation of the liquid hydrocarbons in question was amended to read:

"All liquid hydrocarbons that are recovered from gas by means of a separator or by other non-mechanical methods, incidental to the production of said gas, shall be taxed at the same rate as oil as levied by Acts of 1941, Forty-seventh Legislature, Chapter 184, Article I, Section 1."

The 52nd Legislature increased the occupation taxes on the production of oil and gas, making the tax equivalent to 4.6 per cent of the market value of oil and 5.72 per cent of the market value of gas produced. Sections I and III, Acts 52nd Leg., R.S.1951, ch. 402, p. 695. Section 1(3) of Article 7047b was not amended by this Act.

The only question presented here is that of determining whether the liquid hydrocarbons should be taxed at the rate of 4.125 per cent or at 4.6 per cent of their market value. Taxation of the liquid hydrocarbons at the lower rate, 4.125 per cent, may be supported by the theory that this was the tax levied upon oil by House Bill 8 of the 47th Legislature and this rate was specifically adopted by reference to that act. Taxation of the liquid hydrocarbons on the basis of the present rate at which oil is taxed (4.6 per cent) may be maintained on the assumption that the Legislature intended that oil and these liquid hydrocarbons were to be taxed at the same rate.

It is a general rule that a statute which adopts another statute or a part thereof by specific reference incorporates or takes the adopted statute as it existed at that time notwithstanding subsequent repeal, amendment or modification of the adopted statute. 50 Am. Jur. 58, Statutes, Sec. 39; 39 Tex. Jur. 129, Statutes, Sec. 66; Annotation, 168 A.L.R. 627; 59 C.J. 610, 937, 1058, Statutes, Secs. 167, 548, 624; 2 Sutherland, Statutory Construction (3rd Ed. 1943) 548. As in the case of most general rules, however, this rule has its exceptions. The two exceptions applicable here are: (1) where the Legislature evidences such an intent, either express or implied, the subsequent amendments of the adopted statute are incorporated within the adopting statute; and (2) subsequent amendments of the adopted provisions will be incorporated where both adopted and adopting sections are part of the same act or statute. Annotation, 168 A.L.R. 627; 50 Am. Jur., supra; 59 C.J. 1058, Statutes, Sec. 624; 1 Sutherland, Statutory Construction (3rd Ed. 1943) 432.

The occupation taxes on oil and gas were both enacted by the 47th Legislature in substantially their present form in House Bill 8, supra, commonly referred to as the Omnibus Tax Bill. The two taxes are closely related and have a similar background in many respects, and they are taxes in the nature of severance taxes levied upon companion industries or occupations.

We are of the opinion that the Legislature intended that the liquid hydrocarbons recovered from gas by separators or other non-mechanical means were to be taxed at the same rate as oil. These liquid hydrocarbons were, for the purpose of this tax, to be treated as oil. If the Legislature had intended otherwise, a specific rate would have been set out in Article 7047b. This intent of the Legislature is clearly evidenced by the fact that when the 51st Legislature, at its Special Session, passed House Bill 3 temporarily increasing by ten per cent the various sales, occupation, and license taxes, etc., in order to provide additional revenues, the Act specifically provided that the liquid hydrocarbons recovered by separators or non-mechanical means were to be taxed at the same rate as oil under the Act, i.e., 10% of 4.125. Acts 51st Leg., 1st C.S. 1950, ch. 2, p. 10.

House Bill 285, Acts 52nd Leg., R.S. 1951, ch. 402, p. 695, generally carried over and, in effect, made permanent the temporary increase of ten per cent imposed by House Bill 3. The caption to House Bill 285 clearly evidences the intent of the Legislature to increase the occupation taxes levied on the production of oil and gas. In this connection we quote from Attorney General's Opinion V-1246 (1951) as follows:

> "After the close of the Regular Session of the 51st Legislature in 1949, it became apparent that the revenues to be collected under the rates provided in the taxing statutes then in effect would be insufficient to meet the necessary current expenditures of the State for the biennium ending August 31, 1951, and in order to avert the deficit forecast by the Comptroller and to provide sufficient funds for the operation of the State Hospitals and Special Schools, the Legislature was called into Special Session for the purpose of enacting tax legislation to raise revenues in an amount sufficient to avert the deficit and provide for the needs of the State Hospitals and Special Schools. House Bill 3, adopted by the Legislature at the Special Session (Acts 51st Leg., 1st C.S. 1950, ch. 2, p. 10) provided for an additional tax of 10% of the basic levies of all the taxing statutes, with certain exceptions not here pertinent, such additional tax to be in effect for the years 1950 and that part of 1951 ending on August 31st. The revenues derived therefrom were allocated to the State Hospital Fund with the exception of the portion required by Section 3, Article VII of the Constitution of Texas to be set apart for the benefit of the public free schools.

"At the Regular Session of the 52nd Legislature in 1951, House Bill 285, as introduced in its original form, provided for a continuation of the taxing statutes therein contained at the rates then in effect and contained the customary form of emergency clause. While in committee, the original bill was amended as a whole by increasing the basic rate of all of the taxing statutes by 10%, using practically the identical language contained in House Bill 3 with certain exceptions for the purpose of clarifying the application of the increased rate. . . .

"In construing a statute, the cardinal rule is to ascertain the intention of the Legislature in enacting the law. This intention, once ascertained, must be enforced although it may not be consistent with the strict letter of the statute. In ascertaining the true intention of the Legislature, the existing condition of the law at the time of its enactment and the general rules then established and applicable to its subject matter should be considered. State v. Dyer, 145 Tex. 586, 200 S.W. 2d 813 (1947). If the language used in the act leaves its intent obscure, the courts may resort to certain aids in construction such as the purpose sought to be accomplished, the history of the legislation, and the public policy of the State. Harris v. City of Fort Worth, 142 Tex. 600, 180 S.W.2d 131 (1944). The object in construing any statute is to ascertain from the language used in the statute the intention of the Legislature, and where the statute is a taxing statute, the act should be construed in connection with other laws relating to the assessment and collection of taxes. White v. McGill, 131 Tex. 231, 114 S.W.2d 860 (1938). The Legislature is free to fix in each act the time it, as a whole or in part, shall take effect, and may therefore provide that it shall take effect in whole or in part from its passage, approval, or at a fixed date. Chambers v. Baldwin, 274 S.W. 1011 (Tex. Civ. App. 1925). The intention of the Legislature being clearly manifested by its history and by the emergency clause that it should become effective as a revenue producing measure upon its effective date, that intention should control. Texas Co. v. Stephens, 100 Tex. 628, 103 S.W. 481 (1900). In determining the legislative intent, the entire act should be looked to and this includes the caption, the body of the act, and the emergency clause. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932).

"Applying these rules of statutory construction to House Bill 285, and bearing in mind that House Bill 3 imposed an additional tax of 10% in practically all of the taxing statutes amended by House Bill 285, with certain exceptions above noted, the continuance of the 10% increase in effect after the expiration date of House Bill 3 on August 31, 1951, makes it a reasonable conclusion that the Legislature intended to carry the 10% increase into effect for the entire calendar year 1951 except in cases where such increase was specifically repealed. Construing all of the provisions of House Bill 285 together, the intendment was to keep the 10% additional levy except where the basic levy of the taxing statute was raised, in which case the increase was to become effective upon September 1, 1951, without regard to whether the tax was payable in advance upon an annual, quarterly, or monthly basis." (Emphasis Added).

The liquid hydrocarbons in question are actually produced as a part or component of the gas and would be taxed as such except for the express provision that they were to be taxed at the same rate as oil. We believe that it is obvious that the Legislature intended to increase these occupation taxes by approximately the same amount and that since the occupation tax on the production of oil was raised from 4.125 to 4.6 per cent, it follows that the tax on these liquid hydrocarbons was also to be increased to 4.6 per cent of their market value.

In conclusion, it is our opinion that the 52nd Legislature intended in House Bill 285 to carry over and to continue in effect the general ten per cent increase in various taxes imposed by House Bill 3, and that the liquid hydrocarbons recovered from gas by separators or other non-mechanical means under the provisions of paragraph (3) of Section 1 of Article 7047b, V.C.S., should be taxed at the same rate as oil or at 4.6 per cent of their market value whenever such value is in excess of $1.00 per barrel.

## SUMMARY

Liquid hydrocarbons recovered from gas by separators or other non-mechanical means are tax-

able at the same rate as the occupation tax levied upon the production of oil, which is 4.6 per cent of the market value. Arts. 7047b and 7057a, V.C.S.; H. B. 285, Acts 52nd Leg., R.S. 1951, ch. 402, p. 695; Att'y Gen. Op. V-1246 (1951).

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

W. V. Geppert
Taxation Division

By _Frank Lake_

Frank Lake
Assistant

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

FL:meh