Celia Menard, Appellant, v. Bowman Dairy Company, Appellee.

Gen. No. 39,886.

Opinion filed June 29, 1938.

LEOPOLD SALTIEL, of Chicago, for appellant; IRVIN J. MOSKAL, of Chicago, of counsel.

MONTGOMERY, HART, PRITCHARD & HERRIOTT, of Chicago, for appellee; LOUIS E. HART and L. EDWARD HART, JR., of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

Complainant filed a bill in the superior court of Cook county in which she charged that the defendant had maintained a nuisance near her home to the damage of her real estate, and prayed for an injunction.

On July 6, 1937, the court entered an order denying the petition of plaintiff to dismiss the cause ''upon

plaintiff's costs," and on July 8, 1937, on the motion of defendant, the court entered a decree dismissing the complaint for want of equity, "with costs to the defendant as taxed." This is an appeal from both the order and the decree.

The bill was filed on August 11, 1931. The answer of defendant was filed on June 13, 1932, denying all of the allegations in the bill. On August 19, 1932, the matter was referred to a master in chancery, who, after hearing a great amount of testimony, made a report which included the testimony taken, together with his conclusions, wherein the master found that the material allegations of the bill had not been proven, and recommended that the bill be dismissed for want of equity. Thereafter, on October 17, 1934, the master served notice on the complainant to file objections to the report, and objections thereto were filed with the master on November 3, 1934. Thereafter, and after a hearing on the objections the master made a supplemental report. In this report, the master found that objections had been filed to the original report, and that after examining the same, they had been overruled. On July 2, 1935, an order was entered fixing the master's fees at the sum of $616.50.

Chapter 110, par. 176, sec. 52 of the Practice Act, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.052], provides that:

"The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorneys, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be sup-

ported by affidavit. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by consent of the defendant.'' It will be noted that by this section of the act, it is provided that the plaintiff may, ''at any time before trial or hearing begins,'' dismiss an action ''on payment of costs.'' Also, that after a hearing, the action may be dismissed only upon a proper showing.

Prior to the adoption of the present Civil Practice Act, the statute (ch. 110, par. 70, sec. 70; Cahill's Ill. St. 1931) provided that:

''Every person desirous of suffering a nonsuit shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court without a jury, before the case is submitted for final decision.'' None of the cases cited by plaintiff have any relation to the provisions of the Civil Practice Act.

In Words and Phrases, 2nd Ed., Vol. 2, page 832, under the title, ''Hearing,'' we find the following: '' 'Hearing' is technically applicable to chancery proceedings, and is used in contradiction to 'trial,' which is properly applicable to law actions; but in modern usage the two words sometimes overlap in meaning. 'Final hearing' is sometimes used to describe that stage of proceedings relating to the determination of a suit upon its merits, as distinguished from those of preliminary questions. However, 'hearing' is frequently used in a broader and more popular significance to describe whatever takes place before magistrates clothed with judicial functions and sitting without jury at any stage of the proceedings subsequent to its inception, and may include proceedings before an auditor. . . . *McArthur Bros. Co. v. Commonwealth,* 83 N. E. 334, 335, 197 Mass. 137.''

We are of the opinion that the word ''hearing,'' as used in the Civil Practice Act, and its bearing upon

the question of the right to dismiss a proceeding, applies to hearings before a master in chancery, and that plaintiff here had no right to have her bill dismissed without a stipulation or a proper showing, supported by affidavit.

In the instant case, it is also to be noted that the motion made by plaintiff to dismiss the bill and the order submitted, proposed that the bill be dismissed ''upon plaintiff's costs.'' No offer was made, by plaintiff, to pay all the costs. Therefore, whether the case could be said to be on hearing or not, we are of the opinion that the court was correct in denying this motion. It is very evident from the language of the statute that it was never intended that the plaintiff should be allowed to dismiss her bill after a large bill of costs had accrued, through her doing, without paying them and for this reason alone, the court was right in denying her motion. The court was also right in entering the decree dismissing the bill for want of equity upon the master's report, with costs to defendant.

The order and decree of the superior court of Cook county appealed from, are, therefore both affirmed.

*Order and decree affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.