### ERNEST WILLIAMS V. THE STATE.

No. 23313. Delivered March 27, 1946.
Rehearing Denied April 17, 1946.

The opinion states the case.

*B. F. Patterson,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for rudely displaying a weapon, with a fine of $5.00.

The complaint in this case charges that appellant "did then and there unlawfully carry on and about his person a pistol." He plead not guilty to the charge and waived a jury. Upon hearing the evidence, the court found "the defendant to be guilty of the offense of rudely displaying a pistol." The two are separate and distinct offenses. The charge of carrying a pistol, as defined under Article 483 of the Penal Code, is one offense; while rudely displaying a pistol is defined as disturbing the peace, under Article 474 of the Penal Code. The offense of carrying a pistol is not one consisting of degrees. Consequently, there is a variance between the complaint and the judgment.

For this reason the judgment of the trial court is reversed and the cause is remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant contends that we should not only have reversed and remanded the case, but should have ordered the prosecution dismissed since the complaint and information contained but one count charging him with the offense of unlawfully carrying on or about his person a pistol. He insists that since the court acquitted him of that offense and found him guilty of rudely displaying a pistol, former jeopardy attached.

The question of former jeopardy was not before the trial court nor before this court for review. Whenever that issue arises in the trial court and is properly presented to this court, then we will discuss the same.

His second contention is also without merit. That question has been decided many times and is well settled. See Branch's Ann. Tex. P. C., p. 262, sec. 509, and authorities there cited. See also Williams v. State, 89 Tex. Cr. R. 560.

From what we have said it follows that the motion for rehearing should be overruled and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.