CARROLL, DONALD K., Chief Judge.
The Florida Industrial Commission has appealed from an order entered by the Circuit Court for Calhoun County denying its motion to strike the appellee’s demand for a jury trial in a “hearing de novo” before the said court.
The question before us on this appeal is whether the court ruled correctly in granting the appellee’s request for a jury trial in certain appellate proceedings filed pursuant to Section 440.56(8) (a), Florida Statutes, F.S.A., quoted below.
This question arose in the following circumstances: On September 27, 1962, a notice was issued by a Deputy Commissioner of the appellant notifying the appellee, W. F. Mason, that a hearing would be held pursuant to Section 440.56(8) (2), Florida Statutes, F.S.A., to determine whether Mason had violated certain safety regulations promulgated by the Commission. The hearing was held on October 12, and on November 2 the Deputy Commissioner issued an order finding that Mason had violated those regulations and fining him $75 and an additional amount for every day he continued their violation. From this order Mason filed in the Circuit Court a paper denominated a “Notice of Appeal De Novo with Demand for Jury Trial,” pursuant to Section 440.56(8) (a), which reads in pertinent part as follows:
“The order shall become final twenty days after the date copy of same is mailed to the employer unless within said time the employer shall take and file an appeal to the circuit court of the judicial circuit in which the hearing before the deputy commissioner was held. The appeal shall operate as a supersedeas. The proceeding on such appeal shall be governed by Chapter 59, unless the employer requests a hearing de novo before the circuit court. The circuit court, when so requested by the employer, shall proceed to hear, try and determine the charges de novo as though the proceeding had been originally commenced in that court, and render final judgment therein.”
In Section 440.56(2) (a), Florida Statutes, F.S.A., the State Legislature endowed the Commission with the power to prescribe “what safety devices, safeguards or other means of protection shall be adopted for the prevention of accidents in every employment or place of employment * * and to make “ * * * reasonable rules for the prevention of accidents and the prevention of industrial or occupational diseases.” Pursuant to this authority the Commission adopted certain regulations concerning temporary and permanent walls or floor holes or openings. In proceedings authorized by Section 440.56(8) (a) the said Deputy Commissioner on September 27, 1962, notified Mason, an employer, that a public hearing would be held on October 12, 1962, upon the Commission’s complaint that he, Mason, had violated the mentioned safety regulations.
*876 On November 17, 1962, Mason filed a “Notice of Appeal De Novo with Demand for Jury Trial,” which contained the following sentence, among others: “This Appeal is De Novo and demand is made for a trial by Jury in the Appellate Court.” This notice with demand was purportedly filed pursuant to that portion of Section 440.56 (8) (a) quoted above. On November 30 the Commission filed in the Circuit Court for Calhoun County a motion to strike the demand for jury trial on the grounds that the said demand is not authorized by law and the said notice is without the authority and jurisdiction of the court. Upon hearing the said motion to strike, the court, on December 19, 1962, entered the order appealed from, denying the motion.
The crucial question for determination on this appeal, then, is whether in the above circumstances a trial by jury is authorized.
First, on examining the language in the portion of Section 440.56(8) (a) quoted above, it is patent that there is no specific reference to a jury trial.
Mason contends on this appeal that the word “hearing” in the statute is synonymous with “trial”; that a trial by jury is contemplated by the provision in the above-quoted statute that the Circuit Court “when so requested by the employer, shall proceed to hear, try and determine the charges De Novo as though the proceeding had been originally commenced in that Court, and render final Judgment therein;” and that a jury trial is required under the statute, the Constitution, and the procedural rules.
It is generally accepted in the law that “hearing” is technically applicable to chancery proceedings and is used in contradistinction to “trial,” which is properly applicable to law actions; but in modern usage the words sometimes overlap in meaning. Menard v. Bowman Dairy Co., 296 Ill.App. 323, 15 N.E.2d 1014. McArthur Bros. Co. v. Commonwealth, 197 Mass. 137, 83 N.E. 334. Even if the statute had used the word “trial,” a trial by jury would not inevitably be contemplated, for in some circumstances trials may be had without a jury. We, therefore, do not agree with this particular contention urged by Mason.
In dealing with such a fundamental question as the right to trial by jury, constitutional provisions relating to trial by jury are a primary consideration.
Amendment VII to the United States Constitution provides:
“In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.”
Section 3 of the Declaration of Rights in the Florida Constitution, F.S.A., provides : “The right of trial by jury shall be secured to all, and remain inviolate forever.”
Section 11 of our Declaration of Rights provides: “In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed jjc if: ;f: >>
In our judgment none of the foregoing constitutional provisions endows Mason with a right of trial by jury at the “hearing de novo” in the instant proceedings. These proceedings are not criminal in nature, are not founded in the common law, and are not a type of proceeding in which juries traditionally are the triers of the facts.
In several decisions the Supreme Court of Florida has recognized the principle “ * * * established in the jurisprudence of this country, that new rights unknown to the common-law procedure of trial by jury may be created and provision made for their determination in the absence of a jury without violating the constitutional provision for trial by jury.” See Florida East Coast Ry. Co. v. State, 77 Fla. 571, 82 So. 136 (1919) and cases cited therein.
*877 We hold, therefore, that the appellee, Mason, was not entitled to a trial by jury in the instant proceedings under the Constitutions of the United States and of the State of Florida. We previously pointed out that the subject statute contains no provision for a jury trial. Nor do our procedural rules provide a right of trial by jury.
The order appealed from is reversed and the cause remanded with directions for further proceedings consistent with the views herein set forth.
STURGIS and WIGGINTON, JJ., concur.