Scott David **SPINDLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–84–00556–CR.

Court of Appeals of Texas, Dallas.

Nov. 21, 1985.

Rehearing Denied Dec. 27, 1985.

W. John Allison, Jr., Dallas, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

GUILLOT, Justice.

On remand from the Texas Court of Criminal Appeals, we withdraw our former opinion, dated January 4, 1985, and substitute the following.

This is an appeal from a conviction of involuntary manslaughter. Appellant, driving while intoxicated, lost control of his automobile and hit a power pole guidewire causing the vehicle to overturn. The passenger, appellant's girlfriend, died as a result of the injuries she sustained in the collision. Before a magistrate, appellant waived his rights to a jury trial and to confront the witnesses against him; delivered a written "Judicial Confession"; and pleaded guilty. Appellant entered into no agreement regarding punishment. The magistrate gave a presentence report to the District Judge who, after a hearing, assessed punishment at ten year's confinement in the Texas Department of Corrections.

In his first ground of error, appellant challenges the authority of the magistrate to receive a non-negotiated guilty plea, citing TEX.REV.CIV.STAT.ANN. art. 1918c(4)(c) (Vernon Supp.1984) and *Scott v. State*, 668 S.W.2d 430 (Tex.App.—Dallas 1984). We sustained appellant's first ground of error on the basis of *Scott*, which was reversed by the court of criminal appeals, in *Scott v. State*, 690 S.W.2d 256 (Tex.Crim.App.1985).

---

**298**

We, therefore, overrule appellant's first ground of error. In *Scott,* the Texas Court of Criminal Appeals determined in a case similar to the one at bar, that (i) article 1918c does not restrict the class of negotiated pleas capable of being accepted by a magistrate to only those pleas with an agreement as to punishment and (ii) the fact that no agreement as to punishment has been reached, does not mean that a defendant's guilty plea was not "negotiated" within the meaning of article 1918c.

On motion for rehearing, we addressed appellant's other grounds of error. We overruled these grounds of error in our opinion dated February 20, 1985. We incorporate this opinion and affirm the judgment of the trial court.

AFFIRMED.