**Ex parte Kenneth Wayne STACEY.**

No. 1153–84.

Court of Criminal Appeals of Texas, En Banc.

Feb. 19, 1986.

On Rehearing May 14, 1986.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., and Tom Streeter and Roy Griffin, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This is an appeal from a judgment entered in a habeas corpus proceeding on May 14, 1984, ordering the appellant extradited to the State of Alabama to answer a charge of possession of Talwin (pentazocine), a controlled substance.

Initially a panel of the Dallas Court of Appeals reversed the judgment and remanded the cause to the trial court. The panel observed that the habeas corpus proceedings were conducted before a magistrate but the record did not contain an order of referral of the case from the district judge to the magistrate as required by Article 1918c, § 4(c), V.A.C.S.[1]

The Dallas Court of Appeals, sitting en banc, without objection, granted the State's motion to supplement the record with an

---

**1.** Article 1918c, supra, provides:

"Section 1. (a) The judges of the district courts of Dallas County that given preference to criminal cases and the judges of the criminal district courts of Dallas County may appoint magistrates to perform the duties authorized by this Act. Each magistrate shall be appointed by the judges and serves at the will of the judges.

"(b) The judges of the district courts designated in Subsection (a) of this section may appoint magistrates only with the consent and approval of the Commissioners Court of Dallas County.

"(c) The judges may authorize one or more magistrates to share service with two or more courts as the judges deem appropriate and necessary.

"(d) Each magistrate's appointment must be made with the unanimous approval of all the judges under whom the magistrate serves, and the magistrate's service may be terminated by a majority vote of all the judges for whom the magistrate serves.

"Sec. 2. To be eligible for appointment as a district court magistrate under this Act, a person must be a resident of Texas and must be licensed to practice law in this state, for at least four years.

"Sec. 3. Each district court magistrate for criminal cases is entitled to a salary to be determined by the Commissioners Court of Dallas County, which salary shall not be less than the salary authorized to be paid to masters for family law cases appointed under Chapter 719, Acts of the 66th Legislature, Regular Session, 1979 (Article 1918b, Vernon's Texas Civil Statutes). The salary shall be paid from the county fund available for payment of officers' salaries.

"Sec. 4. (a) The judge of a court having a magistrate appointed as provided by this act may refer to the magistrate any criminal case for proceedings involving:

"(1) negotiated pleas of guilty before the court;

"(2) bond forfeitures;

"(3) pretrial motions;

"(4) postconviction writs of habeas corpus;

"(5) conducting examining trials;

"(6) any other matters that the judge deems necessary and proper, except as otherwise provided by Subsection (b) of this section.

"(b) In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury.

"(c) To refer a case to a magistrate, the judge shall issue an order of referral specifying the duties of the magistrate.

"Sec. 5. (a) Except as provided by Subsections (b) and (c) of this section, a magistrate to whom a case is referred may:

"(1) conduct hearings;

"(2) hear evidence;

"(3) compel the production of relevant evidence;

"(4) rule on the admissibility of evidence;

"(5) issue summons for the appearance of witnesses;

"(6) examine witnesses;

"(7) swear witnesses for the hearing;

"(8) make findings of fact on the evidence;

"(9) formulate conclusions of law;

"(10) rule on pretrial motions;

"(11) recommend the rulings, orders, or judgment to be made in the case;

"(12) regulate all proceedings in a hearing before the magistrates; and

"(13) do all acts and take all measures necessary and proper for the efficient performance of the duties required in the order of referral.

"(b) The order of referral may limit the powers of the magistrate and direct the magistrate to report only on specific issues, do particular acts, or receive and report on evidence only. The order may set the time and

order of referral effective October 1, 1981, purporting to be a blanket order of referral.

The State's motion for rehearing was granted by the en banc court. The panel opinion was withdrawn and replaced with an en banc opinion affirming the trial court judgment. Seven justices joined in this opinion. The Chief Justice concurred in the result, and five justices joined in a dissenting opinion. *Ex parte Stacey,* 682 S.W.2d 348 (Tex.App.—Dallas 1984).

The majority opinion of the Court of Appeals did not address appellant's arguments that the magistrate lacked jurisdiction to hear the habeas application and that there was no order of referral "because the judgment unequivocally states that the judge heard the evidence, and, absent evidence in rebuttal, we cannot infer otherwise." The majority relied upon the presumption of regularity, and in absence of a showing to the contrary the court presumed the recitations in the judgment were correct, citing, inter alia, *Thompson v. State,* 641 S.W.2d 920, 921 (Tex.Cr.App. 1982); *Schneider v. State,* 594 S.W.2d 415, 418 (Tex.Cr.App.1980). The majority further stated:

"The dissent's position is that proof that the magistrate *did* conduct a hearing is 'direct proof' that the trial judge *did not.* We fail to see the logic of that argument. Stated differently, it is not that we are sure that there were two extradition hearings in this cause—we just cannot be sure that there were not.

place for the hearing, prescribe a closing date for the hearing, and provide for a date for the filing of the magistrate's findings.

"(c) A magistrate appointed under this Act to whom a case is referred may not enter a ruling on any issue of law or fact of which the determination thereon could result in dismissal or require the dismissal of a pending criminal prosecution. A magistrate may, however, make findings, conclusions, and recommendations on such issues, within the scope of the order of referral.

"(d) An order of referral may designate proceedings for more than one case over which the magistrate shall preside, may direct the magistrate to call the court's docket, and may set forth general powers and limitations of authority of the magistrate applicable to all such cases.

"(e) Upon the request of either party to the case to be considered, a court reporter shall be provided by the court to record the proceedings before the magistrate.

"Sec. 6. A witness appearing before a magistrate is subject to the penalties of perjury if the witness is duly sworn. If a witness after being duly summoned fails to appear or having appeared refuses to answer questions, on certification of the refusal to the referring court, the court may issue attachment against the witness and may fine or imprison the witness.

"Sec. 7. (a) On the conclusion of the proceedings, the magistrate shall transmit to the referring court all papers relating to the cases involved, together with the findings, conclusions, orders, recommendations, or other actions taken.

"(b) The referring court may modify, correct, reject, or reverse any action taken by the magistrate, or recommit it for further information, as the court may deem proper and necessary in the particular circumstances of the case.

"(c) If no modification, correction, rejection, reversal, or recommittal is made by the referring court, the actions taken by the magistrate become the decree of the court.

"(d) The referring court shall, at the conclusion of each term during which the services of a magistrate are used, enter a decree upon the minutes adopting the actions of the magistrate with respect to all cases of which the court approves of the magistrate's actions. The court shall determine whether or not the nonprevailing party is able to defray the costs of the magistrate, and, if it is determined that the party can, shall tax as costs the fees of the magistrate, against the nonprevailing party.

"Sec. 8. The magistrate shall enjoy the full judicial immunity of a district judge.

"Sec. 9. Nothing in this Act is intended to violate any provision of the Constitution of the United States or the Constitution of Texas, and all acts done under this Act shall be done in a manner that conforms to the constitutions. If any word, phrase, paragraph, subparagraph, sentence, clause, part, portion, or provision of this Act or the application thereof to any person, situation, or circumstances is held to be invalid or unconstitutional, the remainder of this Act shall nevertheless be valid, and the legislature declares that this Act would have been enacted without the invalid or unconstitutional word, phrase, paragraph, subparagraph, sentence, clause, part, portion, or provision. All of the terms and provisions of this Act are to be liberally construed to effectuate the purposes, powers, rights, functions, and authorities set forth in this Act." (Acts 1981, 67th Leg., p. 2546, ch. 678, eff. Aug. 31, 1981)

In sum, the presumption was not rebutted." (Emphasis in original.)

In view of the holding, the majority declined to consider the validity of the 1981 blanket order of referral supplied by the supplemental record.

We granted the appellant's motion for discretionary review to determine the correctness of the holding of the Court of Appeals.

The record reflects the application for writ of habeas corpus was filed February 8, 1984.[2] The district judge set a show cause hearing for February 21, 1984 and in effect granted the issuance of the writ by ordering the Sheriff to produce the applicant. See 38 Tex.Jur.3rd, Extraordinary Writs, § 73, p. 159. The cause was given number X–84–48–H in the Criminal District Court of Dallas County. The record does not reflect what if anything happened on February 21st. Although there is not in the case an order of referral to a magistrate under Article 1918c, supra, we observe the first and only entry on the docket sheet in Cause No. X–84–48–H reads:

"Date of order

"3/14/84 Petition for Writ of Habeas Corpus denied. Barry Sorrells, attorney for Defendant gave notice of appeal in open court. Appeal bail set at $1,500.00

"/s/ Charles McClure
Magistrate"

The only transcription of a court reporter's notes of the proceedings in the record commences:

"BE IT REMEMBERED, TO-WIT: That on the 14th day of March, A.D., 1984, the above styled and numbered cause came on for hearing before HONORABLE CHARLES MCCLURE, Magistrate, Sitting for HONORABLE RON CHAPMAN, Judge of the Criminal District Court of Dallas County, Texas, and that the following is a true and accurate transcript of the proceedings had."

---

**2.** The only vehicle for testing legality of an arrest and detainment pursuant to a Governor's warrant is filing of an application for writ of

---

The transcription reflects a hearing before the magistrate in which the Governor's Warrant and other documents were introduced. At the conclusion of the hearing the transcription reflects:

"THE COURT: The Court denies your—or the petition for Writ of Habeas Corpus is denied.

"MR. SORRELLS: Your Honor, could the record reflect that we are giving Notice to appeal the Court's decision in this Writ of Habeas Corpus proceedings?

"THE COURT: The record will reflect that.

"MR. SORRELLS: Thank you."

The transcription concluded with a certificate.

"I, Katherine L. Sims, Acting Official Court Reporter in and for Criminal District Court No. 1 of Dallas County, Texas, do hereby certify that the foregoing pages constitute a true and accurate transcript of the proceedings had in this cause on March 14, 1984, as set forth in the caption hereof.

"This the 27th day of March, 1984.
"/s/ Katherine L. Sims
Katherine L. Sims
Acting Official Court Reporter
Criminal District Court No. 1
Dallas County, Texas"

The court reporter's transcription contained the following certification by the district judge:

"The above and foregoing transcript as certified by the Acting Official Court Reporter, having been presented to me, has been examined and is approved *as a true and correct copy of the proceedings as represented in the above and entitled and number cause.*
"/s/ Ron Chapman
Judge"

(Emphasis added.)

The judgment in the record signed by the district judge, making no mention of a magistrate, stated in pertinent part:

---

habeas corpus. *Ex parte Chapman,* 601 S.W.2d 380 (Tex.Cr.App.1980). See Article 51.13, § 10, V.A.C.C.P.

"On this, the 14th day of March A.D. 1984, came on to be heard the application for the Writ of Habeas Corpus against Kenneth Wayne Stacey, and ... and having produced before me the person of the said Kenneth Wayne Stacey, *I proceeded to hear said application* and after having examined the Writ ... and all papers and documents attached thereto, and *having heard the testimony offered on both sides, I am of the opinion* that the said Kenneth Wayne Stacey is legally held in custody...." (Emphasis added.)

This then is the appellate record that reached the Court of Appeals.

It is true that, absent a showing to the contrary there is a presumption of the regularity of the proceedings. *Thompson v. State,* 641 S.W.2d 920, 921 (Tex.Cr.App. 1982); *Schneider v. State,* 594 S.W.2d 415, 418 (Tex.Cr.App.1980); *McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Cr.App.1975); *Green v. State,* 510 S.W.2d 919, 921 (Tex. Cr.App.1974). And the burden is on an appellant to overcome the presumption. *Tennison v. State,* 327 S.W.2d 575, 576 (Tex.Cr.App.1959).

The docket sheet shows only the hearing and the ruling by the magistrate. The only transcription of the court reporter's notes are those from the hearing before the magistrate. The district judge certified that he had approved that transcription "as a true and correct copy of the proceedings as represented in the above and entitled and numbered cause." The controversial judgment was obviously entered on a printed form entitled "Judgment—(Fugitive)" in which the blanks were filled in.

We conclude from an examination of the entire record there is a showing to the contrary and appellant's burden has been sustained and the presumption has been rebutted. We agree with the dissenting opinion in the Court of Appeals.

Further, since appellant's petition for discretionary review was granted, on June 5, 1985, this Court has entertained and grant-ed appellant's motion to supplement the record with a nunc pro tunc judgment entered by the district judge and an affidavit from the official court reporter.[3]

The nunc pro tunc judgment entered on August 20, 1985 reads in pertinent part:

*"Judgment—Nunc Pro Tunc*

"On the 14th day of March, A.D., 1984, came on to be heard the application for the Writ of Habeas Corpus against KENNETH WAYNE STACEY, and the Respondent, DON BYRD, Sheriff of Dallas County, Texas having made due return on said Writ of Habeas Corpus herein served upon him *and having produced before the Magistrate, the person of* the said KENNETH WAYNE STEWART, and after having examined the writ and the return of said Respondent, DON BYRD, and all papers and documents attached thereto, *I am of the opinion* that the said KENNETH WAYNE STACEY is legally held in custody and under the restraint of his liberty by the said Respondent, DON BYRD, Sheriff...."

The judgment is clearly no model to be used where the provisions of Article 1918c, supra, have been utilized. It is, however, observed the nunc pro tunc judgment acknowledged the appellant was brought before "the Magistrate," not the district judge, although there is only a fleeting mention of an unnamed or unidentified magistrate. Eliminated is the phrase "and having heard the testimony offered on both sides" found in the original judgment. It was this phrase in the original judgment upon which the majority of the Court of Appeals apparently relied heavily.

In the affidavit of Jim Perry, Official Court Reporter of the Criminal District Court of Dallas County, he stated he served in that capacity in 1984 as now, and was the custodian of all court reporter's notes of hearings held in that court, and had diligently searched the records for any recordation of any hearing in Cause No. X–84–48–H styled *Ex parte Kenneth*

---

**3.** Appellant's motion to remand the cause to the Court of Appeals was denied on the same date— October 8, 1985. The State had agreed to the remand request of the appellant.

*Wayne Stacey* and averred that "no such record exists."

These supplemental instruments lend support to the conclusion we reached without them. There was no hearing before the district judge. Since there is no order of referral of the case by the district judge to a duly appointed magistrate as required under Article 1918c, § 4(c), supra, this cause must be remanded to the trial court.

Of course, there is the "Order of Referral" dated October 1, 1981, which became a part of the supplemental record while this cause was pending in the Court of Appeals. We do not deem said order here applicable. First, the said 1981 order, filed in the general minutes of the district court, refers by its express terms only to "all cases *which have been indicted, or have had such indictment duly waived by the defendant,* and assigned to this Court are hereby referred to the Magistrate's Court of Dallas County, Texas, pursuant to Art. 1918c, V.A.C.S. for the following proceedings: . . . ." (Emphasis added.) The instant habeas corpus cause was not filed until February 8, 1984. It was not covered by the order. Further, this case did not involve an indictment or a waiver of indictment case in the said district court, but an extradition matter where the appellant was charged by "affidavit before a Magistrate and warrant" out of state in Alabama.

Second, there is no "Magistrate Court of Dallas County, Texas." As such see *Kelley v. State,* 676 S.W.2d 104 (Tex.Cr.App. 1984).[4]

Third, the order does not refer the cases to an identifiable person as a "magistrate" duly appointed and acting as such under the provisions of the statute. See Article 1918c, § 4(a) and (c), supra.

Fourth, the 1981 order refers "cases" to the "Magistrate's Court" for certain enumerated proceedings. These do not expressly include hearings on applications for writ of habeas corpus in extradition proceedings. It might be argued that such proceedings are included in § 3 of said order "Such other hearings and matters as may be determined by the court and not prohibited by law, including, but not limited to, hearings on bond forfeiture." However, there is no showing that the district court ever made the determination to include extradition matters and entered an order to that effect."[5]

The judgment of the Court of Appeals and the judgment of the trial court are reversed and the cause is remanded to the trial court.

MILLER, Judge, concurring.

■ I concur in the result reached by the majority. As correctly stated in the majority opinion, the "Order of Referral"[1] dated October 1, 1981, does not encompass extradition matters so this case was never properly sent to the magistrate by the district judge. I cannot, however, agree with the second, third and fourth reasons given by the majority to support the statement that there was no order of referral by the district judge.

■ Reading the Dallas County Magistrate's Act, Article 1918c[2], especially Sections 4(c), 5(b) and 5(d), it is clear to me that a general order of referral is a proper vehicle under the act. I see no requirement to name a particular magistrate or

---

4. What was written in *Kelley* related to proceedings prior to the 1983 amendments to Articles 2.09 and 4.01, V.A.C.C.P. (Acts 1983, 68th Leg., ch. 204, p. 883, eff. Aug. 29, 1983). We are not here concerned with a question of the constitutionality of Article 1918c, supra.

5. Article 1918c, § 4(b), supra, prohibits the referral to a magistrate of a trial on the merits, with or without a jury. It has been said, however, that an application for writ of habeas corpus in an extradition proceeding does not constitute a trial on the merits. *Ex parte Scarb-*

*rough,* 604 S.W.2d 170, 172–173 (Tex.Cr.App. 1980).

1. Attached hereto as addendum.

2. Repealed by Acts 1985, 69th Leg., p. 4085, ch. 480 § 26(1), eff. Sept. 1, 1985. The material quoted in footnote 1 of the majority opinion has been substantially changed. See revised V.T. C.A., Government Code, §§ 54.301–54.313, Ch. 480. Section 54.307 deals specifically with orders of referral.

issue an order of referral separately for each case. I would rely on the presumption of regularity of judgments and only arrive at the results reached here because this case is an extradition proceeding, not a criminal case "which has been indicted or which has had such indictment duly waived by the defendant" as required by the general transfer order.

For these reasons I concur in the result.

W.C. DAVIS, CAMPBELL and WHITE, JJ., join.

## APPENDIX A

### IN RE: REFERRAL TO MAGISTRATE'S COURT

### IN THE CRIMINAL COURT # 1, DALLAS COUNTY, TEXAS

### ORDER OF REFERRAL

IT IS HEREBY ORDERED that all cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this Court are hereby referred to the Magistrate's Court of Dallas County, Texas pursuant to Art. 1918c V.A.C.S., for the following proceedings:

(1) negotiated pleas of guilty before the Court, and the Magistrate shall exercise all of the powers enumerated in Art. 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein required that such Magistrate be, and is hereby, authorized to:

(a) render a judgment in such plea;

(b) sentence the defendant;

(c) provide for such conditions of probation, including restitution, as may be deemed appropriate by the Magistrate, if applicable;

(d) approve such waivers or documents as might be appropriate; and

(e) sign on behalf of the Court and cause to be delivered to defendant the Condition of Probation, if applicable.

(2) Agreed probation revocations, and the Magistrate shall exercise all of the powers enumerated in 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein required that such Magistrate be, and is hereby, authorized to:

(a) make a finding as to whether such probation is revoked;

(b) authorize bonds if such hearing is continued;

(c) change the conditions of probation;

(d) reduce the sentence of the defendant pursuant to an agreement;

(e) sentence the defendant;

(f) approve such waivers or documents as might be appropriate; and

(g) sign on behalf of the Court the Order Revoking Probation.

(3) Such other hearings and matters as may be determined by the Court and not prohibited by law, including, but not limited to, hearings on bond forfeitures.

(4) The Court may, under this general order of referral, execute, by original or facsimile signature, additional Orders of Referral to said Magistrate's Court as to specific causes and directing that said Magistrate's Court report only on specific issues, do particular acts, or receive and report on evidence only.

(5) Each Magistrate is hereby empowered, in my place and stead, to take acknowledgments and file said documents as are required to be filed by the District Clerk of Dallas County, Texas, as may be necessary to accomplish the purposes hereinabove set forth.

Notwithstanding the foregoing, the Court shall maintain control and authority over all causes covered by this Order unless and until the same is delivered to the Magistrate's Court for action by said Magistrate's Court.

IT IS FURTHER ORDERED that this Order shall be and hereby is effective October 1, 1981.

s/ Ron Chapman
JUDGE

## OPINION ON STATE'S MOTION FOR REHEARING

MILLER, Judge.

On original submission, this Court granted appellant's petition for discretionary review, reversed the judgments of the Court of Appeals and the trial court, and remanded the case to the trial court. *Ex parte Stacey*, 709 S.W.2d 185 (Tex.Cr.App.1986). The majority and concurring opinions both reached the conclusion that the order of referral by the district judge to the magistrate that heard the extradition matter was "inapplicable" and ineffective to refer the case. The State has moved for leave to file a motion for rehearing, attacking only part of the reasoning used in the majority opinion to support the unanimous conclusion of the Court, and asks us to review our original disposition of appellant's contentions. We grant leave to file the State's motion for rehearing. Having done so and having reconsidered the reasoning underlying our disposition, the majority is now of the opinion that the concurring opinion on original submission was correct.

The State's motion for rehearing is granted. The concurring opinion on original submission is adopted as the majority opinion on rehearing. The judgment of the Court of Appeals and the judgment of the trial court are reversed and the cause is remanded to the trial court.

CLINTON, J., dissents.

ONION, Presiding Judge, concurring in part and dissenting in part.

Judge McCormick has switched sides. The thrust of our opinion has been changed, and the situation clouded by the adoption of the original concurring opinion as the majority opinion.

The majority opinion on original submission held that "[s]ince there is no order of referral of the case by the district judge to a duly appointed magistrate as required under Article 1918c, § 4(c), supra, this cause must be remanded to the trial court."

Such opinion then noted in passing that there was in the record by supplementation, while the case was pending in the Court of Appeals, an "Order of Referral" dated October 1, 1981 entered some two and a half years before the instant case was filed. Such order was not a part of the record in the instant case, but was found only in the general minutes of the district court. While such order had not been considered by the en banc Court of Appeals, the majority on original submission observed some defects therein. These observations were not essential to the disposition of the instant case.

It was observed first that the 1981 "Order of Referral" applied to "all cases which *have been indicted,* or *have had such indictment duly waived by the defendant,* and such order was not therefore applicable to the instant case filed February 8, 1984 which was a habeas corpus proceeding involving an extradition matter where the appellant was charged by affidavit before a magistrate in Alabama.

Second, it was observed that the order referred to the "Magistrate Court of Dallas County, Texas" and that under our decision in *Kelley v. State*, 676 S.W.2d 104 (Tex.Cr. App.1984), there was no such animal or court.

Third, the general order of referral does not refer cases to an identifiable person as a "magistrate" in light of the provisions of Article 1918c, § 4(c), V.A.C.S.

Fourth, the opinion noted the 1981 order did not refer "cases" to the "Magistrate's Court" for extradition purposes.

The holding of the majority was that there was no referral order in the record in the instant case. The observations about the general 1981 "Order of Referral" found only in the minutes of the district court and not in the record of the instant case were made to show why the order could not suffice as the necessary order in the instant case, and to point some formal deficiencies in the order itself. Observation or

reason number one noted the order applied only to "Cases where indictments had been returned or already waived by defendants. Observation or reason number four noted the order failed to include extradition matters. For these reasons the 1981 order could not suffice as the order in the instant case. Observations or reasons numbers two and three were formal defects in the order.

The concurring opinion agreed that the general 1981 order of referral was deficient only in that it did not encompass extradition matters but was not deficient for the second, third and fourth reasons given by the majority.[1]

The original vote was 5 to 4 and now that Judge McCormick has changed his vote, it is still 5 to 4, but the meaning of the case has been altered.

Article 1918c, § 1, V.A.C.S., as enacted in 1981 and applicable to the instant case[2] provides for the appointment of magistrates by the Dallas County district judges with the consent and approval of the Commissioners' Court. Sec. 1(d) provides:

"Each magistrate's *appointment* must be *made with the unanimous approval of all the judges under whom the magistrate serves,* and the magistrate's service may be terminated by the majority of all the judges for whom the magistrate serves."

Thus it is possible under the statute for a magistrate to serve some judges and not others, and to be authorized to act for some courts and not others. The fact that this may not have happened under the current situation, if supported by the record, is beside the point.

Sec. 4(a) provides the district judge may refer to the magistrate any criminal case for certain proceedings designated by the statute. In no event may a magistrate be allowed to preside over a trial on the merits. See Sec. 4(b).

Sec. 4(c) provides:

"To refer *a* case to *a* magistrate, the judge shall issue *an order of referral specifying the duties of the magistrate.*" (Emphasis supplied.)

It is clear that this provision relates to referral of *a* case to *a* magistrate where the order specifies the duties of the magistrate in a particular case or cases referred.

Sec. 5(b) of Article 1918c provides:

"The order of referral may limit the power of the magistrate and direct the magistrate to report only on specific issues, do particular acts, or receive and report on evidence only. The order may set the time and place for the hearing, prescribe a closing date for the hearing, and provide for a date for the filing of the magistrate's findings."

Sec. 5(c) provides in part:

"(c) ... A magistrate may, however, make findings, conclusions, and recommendations on such issues, *within the scope of the order of referral.* (Emphasis supplied.)

Sec. 5(d) provides:

"(d) An order of referral may designate proceedings for more than one case over which the magistrate shall preside, may direct the magistrate to call the court's docket, and may set forth general powers and limitations of authority of the magistrate applicable to all such cases."

In my opinion it is clear that the Legislature never intended that one general all encompassing order of referral would suffice to refer all cases in district court, past or present, without designation as to style or number, to some unnamed magistrate, with authority to act in all permissible statutory proceedings, whether applicable or not. And yet this is exactly what the majority on rehearing has held. In fact, it appears they would uphold the 1981 general order in the instant case except for its failure to include extradition matters.

The approval of a general order procedure means cases will later be orally re-

---

1. The concurring opinion probably meant to agree with the fourth reason.

2. See footnote # 1 of opinion on original submission.

ferred without any written record of what the magistrate is to do or not to do in the particular case. The parties may not know and the appellate courts will be kept in the dark on appeal.

I concur in the reversal for the reasons stated in my opinion on original submission, but dissent to the reasoning of the majority on rehearing.

TOM G. DAVIS and TEAGUE, JJ., join this opinion.