Scott David **SPINDLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 254–86.

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1987.

W. John Allison, (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty. & Kathi Alyce Drew, Dan Hagood, David Lewis & Michael O'Connor, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

This is another Dallas County Magistrate's Act case. It is also the second time that this cause has been before this Court. This time, however, we will affirm the judgment of the Dallas Court of Appeals, 701 S.W.2d 297.

Previously, the Dallas Court of Appeals, in an unpublished opinion, see *Spindler v. State*, Tex.App.–5th No. 05–84–00556–CR, January 4, 1985, reversed appellant's conviction for involuntary manslaughter, which was based upon a plea of guilty, and his punishment of 10 years' confinement in the Department of Corrections that was assessed by the trial judge. As to the punishment that was assessed, see *post.* The reversal was based upon that court's decision of *Scott v. State*, 668 S.W.2d 430 (Tex.App.–5th 1984), which held that a Dallas County Magistrate did not have the statutory authority to preside over a plea of guilty unless the plea of guilty was "negotiated" within the meaning of Art. 1918c(4)(a)(1), V.A.C.S. After finding that appellant's plea of guilty was not a "negotiated" plea, the court of appeals reversed. After the court of appeals rendered its decision, this Court held in *Scott v. State*, 690 S.W.2d 256 (Tex.Cr.App.1985), that a magistrate had the statutory authority to preside over hearings involving negotiated pleas where no agreement as to punishment existed or had been reached. In *Spindler v. State*, Tex.Cr.App.No. 311–85, October 30, 1985), this Court granted the State's petition for discretionary review and, based upon this Court's decision of *Scott v. State*, supra, vacated the judgment of the court of appeals and remanded the cause to the Dallas Court of Appeals for it to reconsider appellant's contention that the magistrate was without authority to act because there was or had been no "negotiated" plea. This Court refused appellant's petition for discretionary review in which he asserted, inter alia, that his conviction was void because no express order of referral from the district court judge to the magistrate, expressly authorizing the

magistrate to accept appellant's plea of guilty, was in the record of appeal. This contention, however, was not presented to the court of appeals when that court originally acted on appellant's direct appeal nor was it considered by that court on remand.

On remand to the court of appeals, appellant did not seek to present his contention, that because no referral order existed in the record of this cause the magistrate was without jurisdiction or authority to hear the cause, but delayed raising this contention until he filed his motion for rehearing. On original submission, the court of appeals applied this Court's decision of *Scott v. State*, supra, and affirmed the trial court's judgment. On motion for rehearing, appellant presented the issue that he seeks to have this Court review at this time. The court of appeals, however, held that "Appellant may not allege new grounds of error for the first time on motion for rehearing", citing this Court's decision of *Williams v. State*, 149 Tex.Cr.R. 296, 194 S.W.2d 94 (1946) as its authority. However, *Williams v. State*, supra, does not contain such an express holding. We find that only by a strained reading of that opinion could one conclude or infer that *Williams*, supra, supports such a holding.

In *Garrett v. State*, (Tex.Cr.App. No. 642–83, June 22, 1986) (Pending on State's motion for rehearing), this Court held that a court of appeals is not bound by a remand order from this Court and is free to consider a new ground of error that is presented after the case is remanded to that court. Also see *King v. State*, 687 S.W.2d 762 (Tex. Cr.App.1985) (Teague, J., dissenting opinion.) Rule 74(*o*) of the *Tex. Rules of Appellate Procedure* provides in part: "Briefs may be amended or supplemented at any time when justice requires upon such reasonable terms as the court may prescribe . . ." However, Rule 100(a) provides that "Any party desiring a rehearing of any matter determined by a court of appeals or any panel thereof must, within fifteen days after the date of rendition of the judgment or decision of the court, file with the clerk of the court a motion in writing for a rehearing, in which the points relied upon for the rehearing

shall be distinctly specified." Also see *Gambill v. State*, 692 S.W.2d 106, 107 (Tex. Cr.App.1985). The question of the jurisdiction of the convicting court, or in this instance the jurisdiction or authority of the magistrate to act, may be raised at any time because judicial action without jurisdiction is void. See *Gallagher v. State*, 690 S.W.2d 587, 588–89 (Tex.Cr.App.1985).

In this instance, there does not appear to be any dispute over the fact that the original order of referral from the district court judge to the magistrate does not now exist and thus could not be placed in the record of appeal. No effort has been made to prepare a duplicate of that order. We cannot say, however, that a referral order never existed in this cause because the record of the hearing before the magistrate reflects that the magistrate stated to the parties the following: "I have ... an Order by a District Judge referring this case to me for a hearing," to which statement appellant did not object.

The transcription of the proceedings conducted by the magistrate reflects that immediately after he made the above statement he then stated the following: "Papers have been filed in this case that indicate to me that at the time you are arraigned, that you intend to enter a plea of guilty." Appellant then entered a plea of guilty after which the magistrate admonished him pursuant to the provisions of Article 26.13, V.A.C.C.P. Thereafter, an "arraignment" was held, at which his attorney advised the magistrate that appellant wished to enter a plea of guilty, that he understood the contents of the indictment, that he understood he had the right to have a jury trial but that he wished to waive that right, and that he understood that he had the right to require the State to present its witnesses but that he wished to waive that right. Without objection, the defendant's written "judicial" confession was admitted into evidence. The defendant then testified, during which his attorney and the prosecutor questioned him regarding all of what had previously transpired. The magistrate then accepted appellant's plea of guilty and reset the case. Thereafter, a presentence

investigation report was prepared and a full hearing on what punishment should be assessed was held by the district court judge, and not by the magistrate. Notwithstanding the fact that the State of Texas recommended to the trial judge that any punishment assessed by the trial judge be probated, the trial judge refused the recommendation and assessed punishment at 10 years' confinement in the Department of Corrections, but stated into the record that he would later consider placing appellant on "shock probation". See Art. 42.12, Sec. 3e(a), V.A.C.C.P.

Article 1918c, V.A.C.S., the Dallas County Magistrates' Act, " 'simply authorizes a procedure whereby magistrates, acting as surrogates and not judges, are appointed to assist the district court judges in certain limited matters', by performing certain assigned functions and providing recommendations to the referring judges." *Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Cr.App. 1984). Also see *Scott v. State*, 690 S.W.2d 256, 258 (Tex.Cr.App.1985); *Howard v. State*, 690 S.W.2d 252, 255 (Tex.Cr.App. 1985). *Kelly v. State*, 724 S.W.2d 42, 47 (Tex.Cr.App.1987). In *Ex parte Stacey*, 709 S.W.2d 185 (Tex.Cr.App.1986), this Court reaffirmed the holding that "a general order of referral is a proper vehicle under the act", and also held that there is "no requirement to name a particular magistrate or issue an order of referral separately for each case." Notwithstanding these holdings, we continue to recommend to the affected district court judges of Dallas County that an individual form for each case referred to a magistrate be prepared and completed and placed in the file of the case. See footnote 3 in the last *Kelly v. State*, supra.

Appellant contends that because no order of referral was placed in the record the magistrate was without "jurisdiction" to accept appellant's plea of guilty. In this instance, however, although we do not have either the original or a substitute copy of the original of the order of referral, see and compare Article 21.25, V.A.C.C.P., which governs the replacement of lost indictments or informations, we do have record evidence that an order of referral existed when the magistrate accepted appellant's plea of guilty. We find that, at a minimum, the order of referral authorized the magistrate to conduct "a hearing".

The term "hearing" is not defined in our penal code or our code of criminal procedure. Our research reveals that within the legal signification of the term "hearing", its meaning is often dependent on the context in which the term is used. It is technically an equity term, see *Miller v. Tobin*, 18 F. 609, 616 (Cir.Ct.Ore.1883), and thus is technically applicable only to proceedings in chancery courts and not law courts. Thus, technically speaking, the term "hearing" is to be used in contradistinction to the term "trial", which is technically applicable only to law trials. Today, however, the two words, "hearing" and "trial", oftentimes are used to mean the same thing. See *Menard v. Bowman Dairy Co.*, 15 N.E.2d 1014, 1015, 296 Ill.App. 323 (App.Ct. Ill., 1st Div., 3rd Div., 1938). In *Bowles v. Baer*, 142 F.2d 787, 788 (7th Cir.1944), that court pointed out that "in hearings there are parties and issues of law and of fact to be tried and at the conclusion of the hearing action is taken [by the presiding officer] which may affect the rights of the parties." In this instance, appellant has never challenged that his plea of guilty was involuntary or that the magistrate failed to properly admonish him as to the plea or the consequences thereof.

We find and hold that the magistrate in this cause had "jurisdiction" and was authorized to conduct a "hearing" on whether to accept appellant's plea of guilty, i.e., he had "jurisdiction" to cover every necessary called for step that would authorize him to accept appellant's plea of guilty. E.g., *State ex rel. Lebeck v. Chavez*, 113 P.2d 179, 187, 45 N.M. 161 (1941).

Therefore, we overrule appellant's contention that because the original order of referral was not placed in the record of this cause the magistrate acted without lawful authority in accepting appellant's plea of guilty. Given this holding, we do not find it necessary to discuss appellant's contention that the referring district court judge was required to repeat, at the "punishment

hearing" that he later conducted, what had previously taken place before the magistrate.

The judgment of the court of appeals is affirmed.

CAMPBELL, J., concurs in the result.

ONION, P.J., and MILLER and DUNCAN, JJ., dissent.

CLINTON, Judge, dissenting in part and joining the judgment.

The Dallas County Magistrates Act may have intended "to relieve the heavy docket congestion of Dallas County district courts," *Howard v. State*, 690 S.W.2d 252, 254–255 (Tex.Cr.App.1985). But quite obviously legislators did not pause long enough to consider that appeals attacking one or another provision of that Act, and complaining of manners of administering it, would create heavy docket congestion in the Dallas Court of Appeals and in this Court. Seemingly weary of them Judge Teague begins the opinion of the Court, "This is another Dallas County Magistrate's [sic] Act case." And so it is, this particular one coming here for the second time.

While appellant presented three grounds for review, the core proposition upon which they stand or fall is that it is fundamental error for a judge of a district court of Dallas County to assign a case to a magistrate without a written order of referral specifying the duties of the magistrate pursuant to former article 1918c, § 4(c), V.A. C.S., and therefore conducting subsequent proceedings violates prescribed jurisdiction of the district court in Article V, § 8, and denies due course of law guaranteed by

Article I, § 19, both of the Constitution of the State of Texas, and in the latter also by Article 1.04, V.A.C.C.P.

As I understand it the opinion faults the court of appeals for declining to entertain what is perceived as a jurisdictional question sought to be raised in that court for the first time on motion for rehearing, to-wit: "jurisdiction or authority of the magistrate to act [without a written order of referral];" finds that such a question may be raised at any time; and noticing in the statement of facts an opening remark of a magistrate that he has "an Order by a District Judge referring this case to me for a hearing," the majority then proceeds to answer the question it just held in effect the court of appeals should have. For reasons about to be given I do not agree that the court of appeals was in error, and thus do not reach the procedural question of remanding the cause in deference to that court for its own answer, as we ordinarily do.

The Court has said that "magistrates act as agents of the district courts, and have no authority of their own." *Howard v. State*, 690 S.W.2d 252, 254 (Tex.Cr.App. 1985). The majority view in this Court is that the Act does not require a referring district judge "to name a particular magistrate or issue an order of referral separately for each case"—a general order of referral is sufficient to authorize a magistrate to act. *Ex parte Stacey*, 709 S.W.2d 185 (Tex.Cr.App.1986) (Miller, J., concurring at 190–191; Opinion on State's Motion for Rehearing, at 192).[*]

Therefore, authority to conduct a proceeding prescribed in § 4 and to do the acts permitted by § 5 is delegated to a magistrate by the judge of district court when he

---

[*] As the writer continues to read it, § 4(c) of the Act mandates that a judge of district court with jurisdiction of a case "shall issue an order of referral specifying the duties of the magistrate" to be performed in the particular proceeding involved, in order effectively to refer a case and delegate authority to conduct the proceeding. *Wilson v. State*, 698 S.W.2d 145 (Tex.Cr.App. 1985) (Clinton, J., dissenting at 149–150); *Kelly v. State*, 724 S.W.2d 42 (Tex.Cr.App.1987) (Clinton, J., dissenting at 53, n. 4). Just as jurisdiction of district court over a particular case is

not invoked until an appropriate charging instrument is filed, so also authority of a magistrate to perform certain duties in conducting a particular proceeding does not attach until a specific order of referral of a given case is issued. The majority sees the point, but it is content merely to "continue to recommend" that a separate order of referral be issued and filed among the papers in the case. At p. 792; *Kelley v. State*, 724 S.W.2d 42, 48, n. 3. So far its recommendation seems to have fallen on deaf ears.

refers the case. A magistrate has general jurisdiction, subject matter jurisdiction and personal jurisdiction because a district court has referred a matter to and the defendant appears to participate in the proceeding before the magistrate. Since a separate, specific order of referral is not required by the prevailing interpretation to authorize a magistrate to act as agent for the district court having jurisdiction of the case, whether such an order is extant becomes an utterly irrelevant inquiry.

For those reasons the district court below did not err in the respects asserted in the first and second grounds for review, and contrary to the third ground for review, the Dallas Court of Appeals did not err in overruling appellant's motion for rehearing. The grounds of review falls because the central proposition formulated *ante* is not of a jurisdictional nature.

Accordingly, I join the judgment of the Court.