Tyrone Eugene DAVIS, Appellant,

v.

The STATE of Texas, State.

No. 2–95–341–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 8, 1996.

Rehearing Overruled Sept. 19, 1996.

Sue Walker, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section, and Steven W. Conder, Assistant Criminal District Attorney, Fort Worth, for State.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

LIVINGSTON, Justice.

Appellant Tyrone Eugene Davis challenges his conviction for possession of cocaine because he contends that the magistrate who accepted the guilty plea lacked jurisdiction. We sustain Davis's sole point of error.

## BACKGROUND

Davis was indicted on March 24, 1992 for possession of cocaine of less than twenty-eight grams. He entered into an agreement with the State in which he would plead guilty and the State would recommend that his two- to twenty-year sentence be probated for eight years. Among the conditions of probation was the requirement that Davis report regularly to his probation officer. A magistrate signed the probation order on March 24, 1992. The district court's order referring and adopting the actions of the magistrate was file-stamped on March 24, 1992, but was dated March 26, 1992.

On April 25, 1995, the State filed a motion to revoke Davis's probation, alleging that he had failed to report to his probation officer as required. At an August 3, 1995 hearing on the probation revocation, Davis pled "true" to

the allegation. The trial court revoked Davis's probation and assessed punishment at confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice.

## POINT OF ERROR

■ In his sole point of error, Davis complains that his conviction is void because the magistrate lacked jurisdiction to hear his March 24, 1992 guilty plea. He contends that in the absence of a timely order of referral, the magistrate possessed no jurisdiction over his case. The State responds that Davis failed to preserve any error because he did not object at the time of the plea bargain hearing and that alternatively, the trial court's subsequent referral and adoption order cured any error.

The Texas Government Code authorizes criminal district judges in Tarrant County to appoint magistrates. TEX. GOV'T CODE ANN. § 54.651 (Vernon 1988). The district court judge may refer to the magistrate criminal cases involving certain types of proceedings. *Id.* § 54.656. A negotiated plea of guilt before the court is one of the proceedings which may be referred to a magistrate. *Id.* To refer "one or more cases to a magistrate, a judge must issue an order of referral specifying the magistrate's duties." *Id.* § 54.657(a). A criminal law magistrate is not a district court judge and possesses no standing jurisdiction to hear cases but instead must obtain jurisdiction by virtue of a referral order from the district court. *Id.* § 54.657. The order of referral may, among other things, "designate proceedings for more than one case over which the magistrate may preside." *Id.* § 54.657(a)(5). The court of criminal appeals has previously approved a general order of referral as a "prop-

er vehicle under the act." *Ex parte Stacey,* 709 S.W.2d 185, 190, 192 (Tex.Crim.App. 1986) (op. on reh'g). There is "no requirement to name a particular magistrate or issue an order of referral separately for each case." *Id.* at 190–91. However, the court of criminal appeals recommends as a better practice that "an individual form for each case referred to a magistrate be prepared and completed and placed in the file of the case." *Spindler v. State,* 740 S.W.2d 789, 792 (Tex.Crim.App.1987).

■ The question of the jurisdiction of the magistrate to act may be raised at any time, because judicial action without jurisdiction is void. *Id.* at 791;[1] *see Johnson v. State,* 869 S.W.2d 347, 348–49 (Tex.Crim.App. 1994). Generally, an appeal from an order revoking probation cannot include review of the original conviction. *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App.1990). But, if fundamental error occurred in the original conviction so as to render that proceeding void, the original conviction may be collaterally attacked. *Trcka v. State,* 744 S.W.2d 677, 680 (Tex.App.—Austin 1988, pet. ref'd). Because Davis claims fundamental error occurred at the time of the 1992 hearing, we reach the merits of his complaint.[2]

The record affirmatively shows that the order of referral to the magistrate was not signed until March 26, 1992, two days after Davis's plea hearing. The State apparently concedes that the referral was made after the plea was heard by the magistrate, because it argues that "regardless of when [it] was made by the trial court, the conviction should be considered valid" because the trial court had to review and adopt the magistrate's findings in order for the conviction to become legally binding. The State's contention is that the subsequent referral and adop-

---

1. The State contends that this language from *Spindler* is inconsistent with the language of the Texas Constitution that jurisdiction is conferred upon the trial court by the presentment of an indictment or information. TEX. CONST. art. V § 12. Without making a determination as to whether this language in fact contradicts the state constitution, we note that as an intermediate appellate court, our purpose is to follow the court of criminal appeals.

2. The State cites *McKinney v. State,* 880 S.W.2d 868, 870 (Tex.App.—Fort Worth 1994, pet. ref'd) for the proposition that any challenge to the magistrate's authority would constitute merely an "irregularity" and would require an objection to preserve the error for appellate review. If the magistrate lacked the power to hear the case before it, the improper exercise of such power is more than a mere irregularity of the type at issue in *McKinney,* where the district court delegated to the magistrate the responsibility to preside over voir dire.

tion order cured any defect in the magistrate's authority.

Neither Davis nor the State provides any authority that is directly on point, but we find persuasive Davis's argument that a referral order signed after the magistrate has acted is not effective to confer retroactive jurisdiction. *See Spindler*, 740 S.W.2d at 792 ("we do have record evidence that an order of referral existed when the magistrate accepted appellant's plea of guilty"); *Ex parte Stacey*, 709 S.W.2d at 190 (an order of referral entered before Stacey's hearing before the magistrate was nonetheless insufficient to confer jurisdiction on the magistrate to hear matters outside the scope of the referral order); *Kelly v. State*, 686 S.W.2d 742, 744 (Tex.App.—Austin 1985), *aff'd*, 724 S.W.2d 42 (1987) (general order of referral to the magistrate was valid when "entered prior to the referral of Kelly's case"). Further, there was no evidence indicating whether a general order of referral was in existence.

We sustain point of error one and find that the trial court's referral order signed after the plea hearing by the magistrate under the specific facts of this case alone was insufficient to confer jurisdiction upon the magistrate. Because the magistrate's lack of jurisdiction renders the 1992 conviction void, we reverse the judgment and remand to the 297th District Court for further proceedings consistent with this opinion.