

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0713-07

**CHARLES DAVID WHITEHEAD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### EASTLAND COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

### C O N C U R R I N G   O P I N I O N

I join the majority opinion because the view it expresses appears to conform to the current state of the law. However, the current state of the law may not represent an accurate reading of precedent.

Our case law has long said that an issue of the disqualification of the trial judge was

jurisdictional and could be raised for the first time on appeal.[1] It has also been long true that the actions of a judge who is statutorily disqualified, and therefore without authority to act, are void.[2] The difficulty is that the case law seems to confound authority and jurisdiction. In *Davis v. State*, 956 S.W.2d 555 (Tex. Crim. App. 1997), this Court addressed that difficulty.

> "Jurisdiction in its narrow sense, is something possessed by courts, not by judges. The judge is merely an officer of the court, like the lawyers, the bailiff and the court reporter. He is not the court itself." *Ex parte George*, 913 S.W.2d 523 (Tex. Crim. App. 1995). "The authority and powers of a judge are incident to, and grow out of, the jurisdiction of the court itself." 48A C.J.S. Judges Section 54 (1981). Strictly speaking then, jurisdiction encompasses only the power of the tribunal over the subject matter and the person. . . .

> Similar to the tendency to confuse jurisdiction with authority is the practice in legal vernacular of referring to both the institution and the person presiding over it as the "court." Either or both of these common misconceptions led the *Spindler* [*v. State*, 740 S.W.2d 789 (Tex. Crim. App. 1987)] plurality to reason "The question of the jurisdiction of the convicting court, *or in this instance the jurisdiction or authority of the magistrate to act,* may be raised at any time because judicial action without jurisdiction is void." *Spindler*, 740 S.W.2d at 791 (emphasis added). *Spindler* was relying on *Gallagher* [*v. State*, 690 S.W.2d 857 (Tex. Crim. App. 1985)], which held, "The question of the jurisdiction of the convicting court may be raised at any time." However, *Gallagher* was a true jurisdictional issue. It dealt with the subject matter jurisdiction of the tribunal, which is constitutionally mandated. *Spindler*, on the other hand, dealt neither with the tribunal nor its constitutional jurisdiction. It dealt with the authority of a magistrate. Therefore, *Spindler* failed to perceive a difference between jurisdiction and authority and between the institution of the court and person acting for it.
> In addition to equating these distinct concepts without analysis, *Spindler*'s extension of *Gallagher* is wrong because a judge's lack of power or authority to act over a case has not always been held to be a question of jurisdiction, or mote precisely, has not always resulted in a holding that the conviction was void and subject to collateral attack. . . .

---

[1] *See, e.g., Johnson v. State,* 869 S.W. 2d 347, 348-49 (Tex. Crim. App. 1994); *Gamez v. State,* 737 S.W.2d 315, 318(Tex. Crim. App. 1987); *Lee v. State*, 555 S.W.2d 121, 124 (Tex. Crim. App. 1977); *Ex parte Washington*, 442 S.W.2d 391, 393 (Tex. Crim. App. 1969).

[2] *See, e.g., Johnson v. State,* 869 S.W. 2d 347, 348-49 (Tex. Crim. App. 1994); *Ex Parte Vivier*, 699 S.W.2d 862,863 (Tex. Crim. App. 1985); *Lee v. State*, 555 S.W.2d 121, 124 (Tex. Crim. App. 1977); *January v. State*, 38 S.W. 179, 180 (Tex. Crim. App. 1896).

     While our case law has called the authority of the judge to preside a jurisdictional issue, we now disavow that characterization, because as we have explained, jurisdiction or judicial power is vested in courts, not individuals.

*Id*. at 557-59.

     It appears to me that, after *Davis*, the authority of a judge to act, as opposed to the jurisdiction of the court, is not a jurisdictional question and must therefore be raised in the court; it may not be raised for the first time on appeal. The issue in this case revolves around the authority of a judge to act when he is statutorily disqualified. Perhaps it is time to reconsider this issue and hold that *Davis* overruled a claim of statutory disqualification of the presiding judge as a jurisdictional issue that may be raised for the first time on appeal. Alas, the parties have not raised this issue.

Filed: June 25, 2008
Publish