## CHAMBERS v. BALDWIN.   (No. 3134.)

(Court of Civil Appeals of Texas.  Texarkana.
June 20, 1925.  Rehearing Denied
July 2, 1925.)

**1. District and prosecuting attorneys ☞8—
District court may determine which of two
officers shall represent state in criminal pro-
ceedings before it.**

District court has jurisdiction to determine
on which of two officers is devolved legal duty
of prosecuting attorney in criminal proceedings
cognizable therein in order to give relief law
can afford, though proceeding by one to restrain
other from further representing state is in na-
ture of private action as involving property
right to receive fees of office.

**2. District and prosecuting attorneys ☞8—
County transferred to new judicial district
held still included in old district as respects
prosecution of criminal actions therein by dis-
trict attorney.**

Acts 39th Leg. (1925), c. 16, § 8, requiring
district attorney of judicial district, from which
county was transferred to another district, to
prosecute criminal cases in district court until
expiration of his term, which is fixed at two
years by Const. art. 16, § 30, continued in force
Acts 34th Leg. (1915), c. 151 (Vernon's Ann.
Civ. St. Supp. 1918, art. 339), as applying to
district attorney until fixed date, so that such
county was presently "included in a district in
which there shall be a district attorney," with-
in Const. art. 5, § 21, and district attorney re-
mained resident of district within article 16,
§ 14.

**3. District and prosecuting attorneys ☞8—
Act providing for prosecution of criminal
cases in county, transferred to new district
by district attorney of old district until ex-
piration of his term, held not unconstitu-
tional.**

As Const. art. 5, § 7, providing for a judge
for each district at time of its creation, does not
require provisions for district attorneys, Acts
39th Leg. (1925), c. 16, § 8, postponing time for
transfer of county from old to new district as
respects prosecution of criminal cases in such
county by district attorney of old district until
expiration of his term, is not unconstitutional.

**4. Statutes ☞250—Legislature may fix time
when act shall take effect, if deferred time is
reasonable.**

Legislature may provide in each act that it
shall take effect in whole or part from its pas-
sage or approval or at fixed date, if deferred
time is reasonable.

**5. District and prosecuting attorneys ☞8—
County attorney not stripped of vested right
by act continuing county in district from
which transferred as respects prosecution of
criminal cases.**

Acts 39th Leg. (1925), c. 16, § 8, continuing
county, transferred to new judicial district by
such act, under operation of Acts 34th Leg.
(1915), c. 151 (Vernon's Ann. Civ. St. Supp.
1918, art. 339), as respects prosecution of crim-
inal cases therein by district attorney of old

district until expiration of his term, did not
strip county attorney of any vested right.

**6. Constitutional law ☞48—Statute must be
upheld, if possible, by any reasonable con-
struction.**

It is court's duty to uphold and give validity
to act, if possible, by any reasonable construc-
tion.

Appeal from District Court, Red River
County; R. J. Williams, Judge.

Suit by E. B. Chambers against Wyatt
Baldwin. From judgment dissolving tempo-
rary restraining order, plaintiff appeals. Af-
firmed.

In November, 1924, the appellee, Wyatt
Baldwin, was elected district attorney for
the Sixth judicial district, composed of Fan-
nin, Lamar, and Red River counties. At the
time of his election and qualification, and at
the time this suit was instituted, Mr. Bald-
win resided in Lamar county. In February,
1925, the Thirty-Ninth Legislature passed an
act creating the One Hundred and Second
judicial district, composed of Red River and
Bowie counties. Acts 1925, c. 16. Red River
county was taken out of the Sixth judicial
district, and the Sixth judicial district was
continued to be thereafter composed only of
the counties of Lamar and Fannin. Bowie
county was already in the Fifth judicial
district, and the creation of the One Hundred
and Second district gave that county two
district courts. The act contained the fol-
lowing provisions:

"Section 2. Immediately after this act takes
effect the Governor shall appoint some suitable
person as judge of the 102d judicial district
court who shall hold said office until the next
general election for state and county officers,
and until the election and qualification of his
successor in office.

"Section 3. The clerk of the district court of
Bowie county, Texas, as heretofore constituted,
and his successors in office, shall be the clerk
of both the Fifth judicial district court and of
the 102d judicial district court in Bowie county
hereby created, and shall perform all the du-
ties of the clerk of both courts in Bowie county.
* * *

"Section 8. The district attorney of the Sixth
judicial district shall prosecute all criminal cas-
es in the 102d judicial district court while sit-
ting in Red River county until the expiration of
his present term of office and thereafter the
county attorney of Red River county shall pros-
ecute all criminal cases in the district court of
the 102d judicial district and shall represent
the state in all matters wherein the state is a
party and shall receive such fees for his serv-
ices as is now, or may hereafter be provided
by the general laws of the state of Texas."

The appellant, E. B. Chambers, was duly
elected county attorney of Red River county
in November, 1924, and qualified in January,
1925. He is claiming the right to represent
the state in criminal prosecutions in the dis-

trict court of the One Hundred and Second judicial district while sitting in Red River county, and to receive the legal fees therefor. In May, 1925, he filed in the district court of the One Hundred and Second judicial district his petition seeking an injunction restraining Wyatt Baldwin from further representing the state in criminal prosecutions in the district court since the transfer of Red River county to the One Hundred and Second judicial district. A temporary restraining order was granted, and upon final trial it was dissolved by the court. This appeal is by the appellant to revise the ruling of the court.

A. L. Robbins, of Clarksville, for appellant.

Edgar Wright and A. P. Parks, both of Paris, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] There is no dispute about the facts, and the question is one purely of law, viz. upon which one of the two officers is devolved the legal duty and obligation of prosecuting attorney in criminal actions and proceedings cognizable in the district court of Red River county? The court has jurisdiction to determine the question in order to give the relief the law can afford, although the proceedings are in the nature of a private, and not public, action, within the scope of the law, as a property right is involved—the right to receive fees of office. Both parties are prosecuting attorneys for the state; the one the county attorney of Red River county, the other a district attorney residing in Lamar county. Each of the two officers as such is entitled by law to receive such fees and compensation as may be prescribed by law. Section 21, art. 5, Const. And the duration of the term of the two officers is fixed at two years. Section 21, art. 5, Const.; section 30, art. 16, Const. As provided by the Constitution:

"The county attorney shall represent the state in all cases in the district and inferior courts in their respective counties; but, if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall, in such counties, be regulated by the Legislature." Article 5, § 21.

[3] Therefore the law makes the two offices separate and distinct, though with the same tenure, rights, powers, duties, and obligations of prosecuting attorneys. The one, however, is made subordinate to the other, having exclusive control, to some extent, of business of the state cognizable by the district court, in the certain instances specially named in the law. As expressly provided, the county attorney shall be the prosecuting attorney to "represent the state in all cases in the district and inferior courts in their respective counties," unless his county "shall be included in a district in which there shall be a district attorney." In such case, as provided, "the Legislature" is empowered and required to regulate "the respective duties of district attorneys and county attorneys." In other words, in such case, the Legislature, by statutory provision, shall direct and assign the duties of the prosecuting attorney, as agent of the state, severally performable by such different officers in the courts of that county. Hence, as a provision of law upon which to found a private right, as relating to compensation, a county attorney could claim there was vested in him the authority and imposed on him the duty "to represent the state in all cases in the district and inferior courts" of his "county," in case it appears that his county does not comprise a part of "a district in which there shall be a district attorney" authorized and provided for by the Legislature. Is that situation shown in the instant case? In the present act the Legislature, acting under authority expressly conferred by the Constitution, created the One Hundred and Second judicial district, composed of Red River county, in which the appellant was county attorney, and Bowie county. Red River county was transferred from the Sixth judicial district, composed of the counties of Lamar, Fannin, and Red River. The act provided for the "immediate" appointment of "a judge of the One Hundred and Second judicial district." But, as regards a district attorney, the act in section 8 expressly provided that "the district attorney of the Sixth judicial district shall prosecute all criminal cases" arising "in Red River county" triable "in the One Hundred and Second judicial district court." "Thereafter," as further provided, "the county attorney of Red River county" shall represent the state in "all criminal cases in the district court of the One Hundred and Second judicial district." At the time of the present enactment, and for a time prior thereto, a district attorney was specially provided to represent the state in the counties of Lamar, Fannin, and Red River, composing the Sixth judicial district. Acts 1915, p. 259 (Vernon's Ann. Civ. St. Supp. 1918, art 339). January, 1927, is the date of the expiration of the term of office of the said district attorney. The object of the Legislature, as is evident, is to create a new judicial district including Red River county, and to have "a judge" preside over the same, and to have "a district attorney" for a limited time to represent the state "in Red River county" in the district court. "Thereafter," as provided, meaning after January 1, 1927, the office of district attorney as applicable to "Red River county" was to be discontinued and cease to exist. But, according to the wording, it was "the district attorney of the Sixth judicial district" that was to represent the state in the district

court of "Red River county." No new office, though, in this respect was undertaken to be created, and no right that did not exist before was conferred. The purpose of the Legislature is evinced merely to continue in force without interruption the situation already existing, and not to presently disturb the rights already attached, as specially relating to the district attorney. There is plainly shown the intention of the Legislature to recognize "the Sixth judicial district," as composed of the counties of Lamar, Fannin, and Red River, as a continuing district under the act of 1915 "for the election of a district attorney," in force and unchanged in that special regard until January, 1927. Therefore in such intention and purpose, as is evident, the legal effect attaching to section 8, as in the nature of a saving clause, is to continue in force without interruption, and not repeal by the present act, the law of 1915 as specially applicable to the district attorney, and to fix a date for the change effective at the time designated, January, 1927. Then, if, as provided and intended, the old Sixth judicial district, as composed of Lamar, Fannin, and Red River counties, is specially continued, so far as pertains to the district attorney and the performance of duties imposed on him therein, Red River county would be presently "included in a district in which there shall be a district attorney" within the scope and terms of the constitutional provision, although transferred otherwise to another judicial district. As true, appellee would be, as proven, a resident of his district, within the meaning and scope of section 14 of article 16 of the Constitution, since Lamar county is within such Sixth district. Consequently, if it were within the authority of the Legislature to so legislate, the scope of the controversy here would be reached. Wherein, then, do the terms of the provision contravene or violate constitutional provisions?

The Legislature is clothed with absolute authority to create, increase, or diminish judicial districts. Section 7, art. 5, Const. Under this provision one county may be divided into parts or portions, and each part or portion thereof constitute a separate and distinct judicial district. Lytle v. Halff, 75 Tex. 128, 12 S. W. 610; Wheeler v. Wheeler, 76 Tex. 489, 13 S. W. 305, and other cases. Although the constitutional provision, supra, provides for "a judge" for "each district" at the time of the creation of such district, in order that the district court may properly function, yet it is not required that there be provided at the same time, or even at all, a district attorney. The Legislature is clothed with absolute authority, in their discretion, for expediency, convenience, or economy, to provide "for the election of district attorneys in such districts as may be deemed necessary." Hence the constitutional re-

quirement as regards the creation of a judicial district is not violated, where the Legislature, in creating a new district, provides, as here done, for the postponement, as is the effect, of the date for the change of one of the counties of the old district to the new district, as specially pertains to the prosecuting attorney of the old district. In other words, the act intended to cut off Red River county from the old district, and to put it in the new district for all purposes except as pertains to the district attorney's duties, and for this one purpose only this county was to presently continue a part of, and not be cut off by the act from, the old district. Such subject-matter pertaining to the district attorney does not in the least affect or interrupt the completeness of the district in the functioning of the judge or court as such. The act was to become effective from the date of its passage as to the judge and his right to function in the district, but not for the change of Red River county from the operation of the act of 1915, as to district attorney, to the present act until January, 1927. It is not a power, forbidden to the Legislature to exercise, to establish a judicial district and to provide for its functioning immediately, but adding a provision, in the nature of a saving clause, which postpones the taking effect as to a particular thing in no wise repugnant, inconsistent, or controlling to the purview of the act.

[4, 5] The Legislature is free to fix in each act the time it, as a whole or in part, shall take effect, and may therefore provide that it shall take effect in whole or in part from its passage, approval, or at a fixed date; the deferred time being reasonable. Consequently it is concluded that continuing Red River county under the operation of the act of 1915, as relates to the district attorney, for the time stated, did not have the effect to strip the county attorney of any right vesting in him by assigning the duties of prosecuting attorney to the attorney of another separate district. For until the act of 1915, as pertains to the district attorney, ceased to be legally effective as to Red River county, such county remained under its operation for that special purpose, and did not presently became a part of the new district for such purpose. Red River county became, we think, a part of the new district for all purposes, except the one purpose only, as related to the district attorney. It was not by the act cut off from the old district for the one purpose stated, but presently remained a part of the old district for the one purpose stated. Quite a different question would be presented had the act intended to permanently continue the old district for the special purposes stated.

[6] There is quite a distinction between assigning the duties of prosecuting attorney to the attorney of another distinct district,

and the latter holding office in the original district not presently changed in that regard and made effective as to the new district. It is quite analogous to the holding that a special district court may even be created for one county, to cease to exist at a time named, and the terms of the officers of said court to expire at the time named. Carter v. Missouri, K. & T. R. Co., 106 Tex. 121, 157 S. W. 1169. The power to create necessarily includes the power to create in whole or in part, and to take effect, as determined, at an immediate or deferred time. It is an elementary rule of construction that, if by any reasonable construction an act of the Legislature may be held valid, it is the duty of the courts to uphold the same and give validity thereto.

It is believed that the judgment should be affirmed, and it is accordingly so ordered.