**JONES v. ANDERSON et al.**

No. 11529.

Court of Civil Appeals of Texas. San Antonio.

June 27, 1945.

Rehearing Denied July 25, 1945.

Hazel Lyons Franz and B. P. Matocha, both of San Antonio, for appellant.

John R. Shook and Benton Davies, both of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by appellant, H. H. Jones, against C. W. Anderson, County Judge of Bexar County, and the members of the Commissioners' Court, seeking a mandamus requiring said County Judge and Commissioners' Court to canvass votes cast for appellant for the office of County Attorney of Bexar County, at the November 7, 1944, General Election, and issue him a certificate of election to said office, and further seeking a declaratory judgment invalidating Art. 52—161, Vernon's Revised Code of Criminal Procedure.

The trial was before the court and resulted in judgment that plaintiff take nothing by reason of his suit, from which judg-

66

ment H. H. Jones has prosecuted this appeal.

■ We have concluded that House Bill No. 131, passed at the regular session of the 43d Legislature, and now codified as Art. 52—161, Vernon's Code of Criminal Procedure, is a valid Act and not unconstitutional, that it effectively abolished the office of County Attorney of Bexar County, that said office was not an office to be filled by the voters of Bexar County at the General Election held on November 7, 1944, and, therefore, the County Judge and the Commissioners' Court properly refused to issue to appellant a certificate of election, and also properly declined to permit him to give bond and take the oath of office as County Attorney of Bexar County.

The Constitution of Texas, Article 5, Section 1, Vernon's Ann.St., is in part as follows: "The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law. * * * The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

Section 21 of the same Article reads in part as follows: "A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county. * * * but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature."

Section 1 of said Article 5 clearly authorizes the Legislature to enact just such a bill as House Bill 131, now known as Article 52—161, Vernon's Code of Criminal Procedure. Cockrell v. State, 85 Tex.Cr.R. 326, 211 S.W. 939; Harris County v. Crooker, Tex.Civ.App., 224 S.W. 792; Id., 112 Tex. 450, 248 S.W. 652; Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650. This act, among other things, gives to Bexar County a Criminal District Attorney. The case of Hill County v. Sheppard, 142 Tex. 358, 178 S.W.2d 261, 262, is not in point because the act there involved expressly provided, to-wit: "Sec. 5-A. It is not the intention of this Act to create any office of District Attorney nor any other Constitutional office and the office of Criminal District Attorney is hereby declared to be a separate and distinct office from the Constitutional office of District Attorney and no Criminal District Attorney shall draw or be entitled to any salary whatsoever from the State of Texas." (Acts 1931, 42nd Leg., p. 844, ch. 354.)

The Supreme Court held that from this section it was clear that the Constitutional office of Criminal District Attorney for Hill County was not created and, therefore, the County Attorney was authorized to discharge his duties.

The Legislature, by the enactment of said Article 52—161, created for Bexar County the constitutional office of Criminal District Attorney, and this being so Section 21 of Article 5 of our Constitution, in effect, provides that in such a county no County Attorney shall be elected.

■ Appellant contends that said Article 52—161 is unconstitutional because it allegedly violates the provisions of Section 35 of Article 3 of our Constitution, in that the caption and act contains many subjects. The Act created the Criminal Judicial District of Bexar County, created the Criminal District Court of Bexar County, created the office of Criminal District Attorney of such county, and prescribed the jurisdiction of such court, conformed the jurisdiction of other courts thereto, and provided for the organization of such court. All of these things were inter-related, necessary and proper to the one main object of the bill, which was to create a Criminal District Court for Bexar County. Howth v. Greer, 40 Tex.Civ.App. 552, 90 S.W. 211, 214.

■ Appellant further complains that the Act violates Sections 56 and 57 of Article 3 of our constitution in that it attempts to regulate the affairs of a county by a local or special law. We overrule this contention, the first sentence in Section 56 reads as follows: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law." Section 1, Article 5, of the Constitution authorizes the enactment of just such an act as Article 52—161, C.C.P., and is therefore made an exception in the very first sentence of Sec. 56, Art. 3, of the Constitution. Harris County v. Stewart, 91 Tex.

133, 41 S.W. 650. See, also, Cockrell v. State, 85 Tex.Cr.R. 326, 211 S.W. 939; Howard v. State, 77 Tex.Cr.R. 185, 178 S.W. 506.

The judgment of the trial court refusing the mandamus is in all things affirmed.