## BRAZOS RIVER TRANSMISSION ELEC-TRIC COOPERATIVE, Inc. v. TRIP-LETT, County Judge.

### No. 2881.

Court of Civil Appeals of Texas. Waco.

Dec. 1, 1949.

Carlton J. Smith, Waco, for appellant.

Scott, Wilson & Cureton, Waco, for amicus curiae.

HALE, Justice.

This is an appeal from an order of the District Court of Hill County refusing an application for a writ of mandamus. Appellant sought, by the writ applied for, to require the County Judge of Hill County to file a tendered suit in eminent domain on its behalf for the condemnation of certain lands located in that county. The application was refused upon the ground that the legal effect of Art. 1970—333 of Vernon's Tex.Civ.Stats., as enacted by the 50th Legislature in 1947, was to divest out of the County Judge and the County Court of Hill County any further exercise of judicial power over matters of eminent domain and to vest original jurisdiction over such matters in the District Court of Hill County and the presiding Judge thereof.

Appellant says the court below erred in refusing to grant its application for mandamus, notwithstanding the provisions of said art. 1970—333. It contends, as we understand, that the Act of the Legislature as embraced in said Article is a local or special law and that the jurisdiction theretofore vested in the County Judge and

County Court of Hill County over matters of eminent domain by the general laws of this state as embraced in arts. 1959, 1960 and 3264 to 3271 of Vernon's Tex.Civ. Stats. could not be legally abrogated or divested out of them by the passage of a local or special law. In support of its contention appellant cites Southern Kansas R. Co. of Texas v. Vance, 104 Tex. 90, 133 S. W. 1043 and Vogel v. State, Tex.Civ.App., 50 S.W.2d 348. We do not think the holding in the cited cases supports the contention here urged.

■ There can be no doubt that the Legislature intended by the enactment of said art. 1970—333 to deprive the County Judge and County Court of Hill County of jurisdiction over all matters of eminent domain theretofore conferred upon them by the general laws of this state and to fix jurisdiction over such matters in the District Court of that county and the presiding Judge thereof. Such Act expressly provides that "neither said County Court of Hill County nor the Judge thereof shall have any jurisdiction over matters of eminent domain * * *"; "that the District Court of Hill County and the presiding Judge thereof shall have and exercise original jurisdiction in matters of eminent domain * * *"; and "that all laws and parts of laws in conflict herewith be and the same are hereby repealed." In the absence of any Constitutional inhibition against the power of the Legislature to change the jurisdiction of the trial courts over matters of eminent domain it appears to us that the legislative intent clearly and unequivocally expressed in such Act should be adhered to and given the force of law by the courts of this state.

■■ Although the exercise of judicial power by both the County and District Court of Hill County is restricted to the territorial limits of that county, we do not think the Act here under consideration· is in legal contemplation a local or special law for the reasons and upon the authorities set forth by this court in the recent case of Rogers v. Graves, Tex.Civ.App., 221 S.W. 2d 399, er. ref. Furthermore, even though such Act be regarded as a local law, the Constitution of Texas provides in art. V, Sec. 22, Vernon's Ann.St., thereof, that "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Being of the opinion, as we are, that the Legislature was specifically authorized by the Constitution to pass the Act embraced in art. 1970—333 of Vernon's Tex.Civ. Stats., and that the legal effect of such Act was to divest the County Court of Hill County and its Judge of any further jurisdiction or exercise of judicial power over matters of eminent domain, the judgment appealed from is affirmed.