**Patrick O'Neil KELLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–038–CR(T).**

Court of Appeals of Texas,
Austin.

Feb. 20, 1985.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Criminal Dist. Atty., Dennis E. Guffey, Asst. Criminal Dist. Atty., Dallas; Robert Huttash, State Pros. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Patrick O'Neil Kelly appeals from the order of the trial court revoking probation and sentencing him to confinement in the Texas Department of Corrections. We will affirm the order.

Kelly entered a plea of guilty to the charge of burglary of a building, a second degree felony, before the magistrate's court of Dallas County. The plea was accepted, and the punishment was set at four years confinement, probated. Kelly made no complaint at that time about being brought before the magistrate rather than the district court. Thereafter, the State filed a motion to revoke Kelly's probation. The motion was granted after a hearing before the district court of Dallas County. This appeal is from the revocation of probation, not the initial conviction.

■ By his first ground of error, Kelly asserts that the initial conviction in this cause is void, therefore the subsequent revocation is void. *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr.App.1978). Kelly was presented before a magistrate for the entering of the plea and sentencing pursuant to Tex.Rev.Civ.Stat.Ann. art. 1918c (Supp. 1985). This article provides for the appointment of magistrates in Dallas County by the district judges of that county, to perform the functions authorized by the act. Kelly contends that this act is an impermissible "local or special law," in contravention of Tex.Const.Ann. art. III, § 56 (1984). Kelly relies on the following clause of § 56:

Sec. 56. The Legislature shall not, *except as otherwise provided in this Constitution*, pass any local or special law, authorizing:

\* \* \* \* \* \*

Regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, justices of the peace, sheriffs, commissioners, arbitrators or other tribunals, or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate. [emphasis added]

A review of the prior judicial treatment of this section reveals that the creation of county level courts, district courts, and additional justice courts in specifically named counties has been held to be permissible under its provisions. *Harris County v. Crooker*, 248 S.W. 652 (Tex.1923); *Lytle v. Halff*, 75 Tex. 128, 12 S.W.2d 610 (1889); *Howard v. State*, 77 Tex.Cr.R. 185, 178 S.W. 506 (Tex.Cr.App.1915). Various offices have been abolished, and authority and obligations of officials modified, without violating this section. *See Jones v. Anderson*, 189 S.W.2d 65 (Tex.Civ.App. 1945, writ ref'd). Modification of jurisdiction among the various courts in specific counties has been upheld, and it has been generally held that the legislature may pass such local laws affecting the functioning of different courts throughout the state. *Rogers v. Graves*, 221 S.W.2d 399 (Tex.Civ.App.1949, writ ref'd); *Tom Green County v. Proffitt*, 195 S.W.2d 845 (Tex. Civ.App.1946, no writ).

Texas Const.Ann. art. V, § 1 (Supp.1985) provides, in pertinent part:

The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other courts thereto.

The State contends that this section, rather than art. III, § 56, is controlling in this case. We agree. We hold that art. 1918c is not an unconstitutional "local or special law," in violation of art. III, § 56. The Legislature is authorized by art. V, § 1 to create courts and organize those courts as they deem necessary. Appellant's first ground of error is overruled.

■ By his second ground of error, Kelly contends that this cause was never prop-

erly referred to the magistrate. He asserts that while we must presume regularity of proceedings in the trial court, the transcript herein does not contain an order of referral to the magistrate. Therefore, he argues, the magistrate never had jurisdiction, pursuant to the terms of art. 1918c. The transcript was amended, however, after appellant's brief was filed, to reflect the existence of a prior order of referral, referring all cases subject to disposition under art. 1918c to the magistrate. Kelly's original conviction was clearly a case subject to disposition under art. 1918c.

The referral order provides, in pertinent part:

### ORDER OF REFERRAL

IT IS HEREBY ORDERED that all cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this Court are hereby referred to the Magistrate's Court of Dallas County, Texas pursuant to Art. 1918c V.A.C.S., for the following proceedings:

(1) Negotiated pleas of guilty before the Court, and the Magistrate shall exercise all of the powers enumerated in Art. 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein required that such Magistrate be, and is hereby, authorized to: ...

This order was entered prior to the referral of Kelly's case. The statute provides that the district court "may refer to the magistrate any criminal case." Sec. 4(a), art. 1918c. This is the only reference in the statute to the manner or method of referral of cases. We hold that this order of referral of cases to the magistrate is sufficient to satisfy the requirements of the act. Appellant's second ground of error is overruled.

The order of revocation is affirmed.