Patrick O'Neil KELLY, Appellant,

v.

The STATE of Texas, Appellee.

No. 439–85.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 4, 1987.

Lawrence B. Mitchell, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., Dennis E. Guffey, Rider Scott, Steve Miller & William Randell Johnson, Asst. Dist. Attys., Dallas,

Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW AND REVIEW ON COURT'S OWN MOTION

TEAGUE, Judge.

We granted the petition for discretionary review that was filed on behalf of Patrick O'Neil Kelly, hereinafter referred to as appellant, in order to review the decision by the court of appeals, Third Supreme Judicial District, which rejected the appellant's claim that Art. 1918c, V.A.C.S., the "Dallas County Magistrates' Act", was unconstitutional [1] as it was enacted in contravention of Art. III, Section 56, of the State Constitution, which in general prohibits the enactment of any "local or special" law by the Legislature. See *Kelly v. State*, 686 S.W.2d 742 (Tex.App.–3rd 1985). Review was also granted on this Court's own motion, in the event that we found the statute constitutional, in order to determine whether the general referral order from the trial judge to the magistrate was valid.

We affirm, but for different reasons than given by the court of appeals.

The record reflects that on May 26, 1982, appellant appeared before Hon. Howard G. Wilson, a duly appointed magistrate of Dallas County who was then acting pursuant to a general order of referral from District Court Judge Ed Kinkeade, in and for the 194th Judicial District, in whose district court appellant's cause was then pending. Magistrate Wilson thereafter convicted appellant of committing the felony offense of burglary of a building and sentenced him to a term of four (4) years' confinement in the Department of Corrections, which Wilson ordered probated. Judge Kinkeade approved in all things Magisrate Wilson's ac-

---

1. Art. 1918c, V.A.C.S., became effective August 31, 1981. It has been recodified at V.A.C.S., Government Code, Section 54.301 et seq. (Vernon's Supp.1986). We will decide appellant's challenge to the statute as it existed when he was convicted. The Act provided then and now, inter alia, "(a) Each judge of a district court of Dallas County that gives preference to criminal cases and each judge of a criminal district court of Dallas County, with the consent and approval of the Commissioners Court of Dallas County, may appoint a magistrate to perform the duties authorized by this subchapter."

Although this opinion is limited to the actions of the 194th Judicial District Court of Dallas County, it is applicable to all of the above district courts of Dallas County listed in subsection (a), ante.

tions. Thereafter, acting pursuant to the State's motion to revoke appellant's probation, Judge Kinkeade revoked appellant's probation.[2]

On direct appeal, appellant asserted that Judge Kinkeade's order revoking his probation was void because his original conviction obtained before Magistrate Wilson was void as it was obtained pursuant to the provisions of Art. 1918c, supra, as it was then worded, which he claims is unconstitutional because it is a "special or local" law enacted in contravention of Art. III, Section 56, of the Texas Constitution; the prohibition against "special or local" laws provision of the Constitution. The Third Court of Appeals rejected that contention and also rejected appellant's other contention that the general order of referral was invalid. See *Kelly v. State*, 686 S.W.2d, supra.

In rejecting the appellant's contention that Art. 1918c, supra, is unconstitutional because it violates Art. III, Section 56, supra, the court of appeals held that the Legislature was empowered to enact Art. 1918c, supra, through the provisions of Art. V, Section 1 (paragraph three), which provides: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other courts thereto." In rejecting the appellant's other contention, that Judge Kinkeade's general order of referral was insufficient to bestow jurisdiction on Magistrate Wilson, the court of appeals held: "We hold that this order of referral of cases to the magistrate is

sufficient to satisfy the requirment of [Art. 1918c, supra]."

Because of its reasons for holding that Art. 1918c supra, is constitutional, we find that the court of appeals has implicitly found that the District Court of Dallas County, acting in and for the 194th Judicial District, was created or established pursuant to Art. V, Sec. 1, supra. That district court, however, came into existence, not through the provisions of Art. V, Section 1, supra, but through the provisions of Art. V, Sec. 7, of the Constitution. Also see Art. 199a, V.A.C.S., the "Judicial Districts Act of 1969", which has been recodified at V.A.T.S., Government Code, Chapter 24.

History teaches us that Texas, since it was a Republic and after it became a State, has always been divided into judicial districts. Article IV, Section 2, of the Constitution of 1836 provided for not less than three nor more than eight judicial districts. Article IV, Section 6, of the Constitution of 1845 provided that "The State shall be divided into convenient judicial districts." Article IV, Section 6, was worded as was the 1845 Constitution, as was Article IV, Section 5, of the Constitution of 1866. Article V, Section 6, of the Constitution of 1869 contained a like provision. Article V, Section 7, of the present Constitution, which became effective on April 18, 1876, provided, inter alia, that "The State shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law." Also see Article V, Section 14, of the Constitution, which provides that "The Judicial Districts in this State and the time of holding the Courts therein are fixed by

---

**2.** In its motion to revoke appellant's probation, the State alleged several violations. Appellant pled "true" to three of the alleged violations. The hearing on the State's motion to revoke occurred before Judge Kinkeade, after which Judge Kinkeade ordered appellant's probation revoked and sentenced him to serve four (4) years' confinement in the Department of Corrections. One of the allegations in the State's motion to revoke was that appellant committed the offense of aggravated robbery, for which he was later convicted and sentenced to serve twenty (20) years' confinement in the Department of Corrections. Appellant pled "not true" to that allegation. Judge Kinkeade made no finding on

that allegation. That conviction was affirmed in an unpublished opinion by the Third Court of Appeals. See *Kelly v. State*, No. 3-84-037 CR(T), February 6, 1985. This Court refused the appellant's petition for discretionary review in that cause on January 27, 1986. None of the issues involved in the cause at Bar were implicated in the aggravated robbery appeal. Other than challenging the validity of the order revoking his probation on the ground that Art. 1918c, supra, is unconstitutional, and his claim that the general order of referral is invalid, appellant does not otherwise challenge the validity of the trial court's order revoking his probation.

ordinance forming part of this Constitution, until otherwise provided by law."

In *Lytle et al. v. Halff et al*, 75 Tex. 128, 12 S.W. 610 (1889), Chief Justice Stayton pointed out that Sections 7 and 14 of Article V "evidence the fact that it was intended the legislature, the only body empowered to make laws, should have power to increase or diminish the number of judicial districts, and to determine what territory should be embraced in a given district; and, in the absence of some limitation in these respects, nothing further appearing to illustrate the intention, the presumption would be that it was the intention to confer on the legislature the power to create a judicial district out of a territory, however small, if the business within it so required." (612). Thus, under the present Constitution, Art. V, Sec. 7, supra, the Legislature "is clothed with absolute authority to create, increase, or diminish judicial districts. Under this provision one county may be divided into parts or portions, and each part or portion thereof constitute a separate and distinct judicial district." *Chambers v. Baldwin*, 274 S.W. 1011, 1013 (Tex.Civ. App.-Texarkana 1925), reversed on other grounds, *Chambers v. Baldwin*, 282 S.W. 793 (Tex.1926).

And past Legislatures have so acted. Article 199, V.A.C.S., provided for 180 Judicial Districts in this State. Art. 199a, V.A.C.S., which was the "Judicial Districts Act of 1969," increased that number. One of the new districts created by that Act was the 194th Judicial District, over which Judge Kinkeade then and now presides. The statutory provisions have been recodified at V.A.C.S., Government Code, Chapter 24. Today, there are at least 360 Judicial Districts in this State, five criminal judicial districts in Dallas County, three criminal judicial districts in Tarrant County, and one criminal judicial district in Jefferson County. The above Judicial Districts are not necessarily limited to a particular county as several Judicial Districts, such as the 135th Judicial District, which covers Calhoun, DeWitt, Goliad, Jackson, Refugio, and Victoria Counties, are multiple county districts.

■ The importance of the fact that all of our present district courts are truly that, courts in and for a particular judicial district, cannot be emphasized enough. Although it is usually popular to refer to a particular district court as, for example, "The 177th Judicial District Court of Harris County," this is not entirely correct. The correct nomenclature in that instance would be, not as stated, but, instead, "The District Court in and for the 177th Judicial District sitting in Harris County," or wording to that effect.

Section 7 of the Constitution also provides in part: "For each district there shall be elected by the qualified voters thereof, at a General Election, a Judge ..."

Thus, as easily seen by the above, today a district court comes into existence when the Legislature creates a Judicial District after which the voters of that District elect a judge for that District Court. The qualifications, salary, where the court for that District shall be situated, and the term of office of the judge of that court are contained in Section 7. Section 8 provides what jurisdiction that court will have.

■ We find that the court of appeals in this cause erroneously held, albeit implicitly, that the 194th Judicial District Court was created or established by the Legislature through the provisions of Article V, Section 1, of the Constitution.

Pertinent to our discussion, Article V, Section 1, of the Constitution originally provided in part: "The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law ..." In 1891 the voters of this State amended Section 1 to add the following provision to that section: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." It is this last provision on which the court of appeals relied to hold that "The Legislature is au-

thorized by art. V, § 1 to create courts and organize those courts as they deem necessary." (743).

Early on, in interpreting the first paragraph of Section 1, see supra, our appellate courts have consistently held that the declaration or preamble in that section manifested the object of the framers of the Constitution, i.e., "It was certainly the object of the framers of the Constitution to mark out a complete judicial system, by defining generally the province of each of the courts, by reference to the objects confided to the action of each, and the relation of each to the others. To that extent it must be held to be permanent, and not subject to change by the action of the Legislature, except as a change may have been provided for. This is plainly, though incidentally, indicated by a special provision for a change in the jurisdiction of the County Court. (Const.1876, art. 5, sec. 22.)" *Ex parte Towles*, 48 Tex. 413 (1877).

■ Our appellate courts have also held that the Legislature was not authorized to add to or change the judicial system as defined in Article V of the Constitution. In sum, the jurisdiction of newly created district courts of this State is confined to the subjects set out in Art. V, Section 8, of the Constitution, and the Legislature is powerless to confer upon those courts additional powers or to decrease their constitutional powers. See *Cobb et al. v. Cohron*, 26 S.W. 846 (Tex.Ct.Civ.App.1894), and the cases cited on page 847; *State v. De Gress*, 72 Tex. 242, 11 S.W. 1029 (Tex.1888); *Jordan v. Crudgington*, 149 Tex. 237, 231 S.W.2d 641, 644 (1950). Also see Vol. 1, *The Constitution of the State of Texas: An Annotated and Comparative Analysis*, at page 366; and the cases collated in 2 *Notes on Texas Reports* (1910 edition), at 765–766.

In 1891, the voters of this State caused Article V, Section 1, supra, to be amended by adding the following paragraph to that section: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Our appellate courts have interpreted the amendment to mean that "it was not intended by the 1891 amendment to deprive the district courts of, or to detract from, the jurisdiction specifically granted them by the constitution; the legislative authority given 'to conform the jurisdiction' was only authority to make the jurisdiction of the statutory courts concurrent with that of the constitutional district courts, and was not authority to either destroy the district court's constitutional jurisdiction or to transfer any part of it exclusively to a statutory court." *In re Cockrell*, 493 S.W.2d 620, 624 (Tex.Civ.App.-Amarillo 1973).

■ The amendment has been held to authorize the Legislature to create courts other than those constitutional courts identified in the first paragraph of Sec. 1, such as, for example, the Probate Court of Harris County, see *State v. Mc Clelland*, 148 Tex. 372, 224 S.W.2d 706 (1949); the Domestic Relations Court of Potter County, see *Jordan v. Crudgington*, 149 Tex. 237, 231 S.W.2d 641 (1950); the County Court at Law of Dallas County, see *Johnson v. City of Dallas*, 78 S.W.2d 265 (Tex.Civ.App.-Dallas 1934), writ refused, and such other courts as juvenile courts, etc. Also see *Harris County v. Stewart*, 91 Tex. 133, 41 S.W. 650 (1897). Thus, the Legislature now has the power to create such other courts as it believes necessary to the demands of the citizenry, but such amendment is applicable only to courts other than those constitutional courts identified in the first paragraph of Section one, supra. *Jordan v. Crudgington*, supra. The amendment not only authorizes the Legislature to create "other such courts", it may grant to newly created district courts the constitutional jurisdiction set out in Section 8 of Article I, thus causing them to be equals among all of the constitutional district courts. However, the amendment does not give the Legislature the authority to deprive any other district court of, or to detract from, the jurisdiction specifically granted them by the constitution. Also see 16 *Tex.Jur.3rd*, "Courts."

■ In this instance, when the Legislature enacted Art. 1918c, supra, it "did not create 'courts' with independent jurisdiction; [the Act] simply authorized a procedure whereby magistrates, acting as surrogates and not judges, are appointed to assist the district court judges in certain limited matters", by performing certain assigned functions and providing recommendations to the referring judge. *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Cr.App. 1984). Also see *Scott v. State,* 690 S.W.2d 256, 258 (Tex.Cr.App.1985), and *Howard v. State,* 690 S.W.2d 252, 255 (Tex.Cr.App. 1985). Furthermore, the Act does not increase or diminish the constitutional jurisdiction of the District Court of Dallas County sitting in and for the 194th Judicial District.

■ Appellant asserts that Art. 1918c, supra, is a "special or local" law that was passed in violation of Art. III, Section 56, of the Constitution which generally prohibits the passage of such laws. In a sense, Art. 1918c, supra, is a "special or local" law as it is expressly limited to Dallas County. The intent of Art. III, Section 56, of the Constitution that provides that "[t]he Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law" was "to combat corruption, personal privileges, and meddling in local affairs—or, conversely, to prevent a group from dashing to the Capitol to get something their local government would not give them." Vol. 1, *The Constitution of the State of Texas: An Annotated and Comparative Analysis,* at page 273. However, as the commentary to the section makes clear, that section of our Constitution has been rendered virtually meaningless by court decisions. In this instance, we find and hold that Art. 1918c, supra, does not run afoul of Art. III, Section 56, supra. The 194th Judicial District Court conducts business in the interest of the State of Texas. The conduct of its business is of vital importance to all of the citizens of this State and the State has a deep concern with that court conducting its business in an orderly and efficient manner. See and compare *Lamon v. Ferguson,* 213 S.W.2d 86 (Tex.Civ.App.-Austin 1948), no writ. Art. 1918c, supra, is not a "local or special" law.

■ Furthermore, Art. III, Section 56, supra, does not place on the Legislature a strict and inviolable prohibition regarding the enactment of special or local laws, and our courts have so held. See, for example, *Harris County v. Stewart,* 91 Tex. 133, 41 S.W. 650 (1897); *Tom Green County v. Proffitt,* 195 S.W.2d 845 (Tex.Civ.App.-Austin 1946), writ dism'd w.o.j.; *Harris County v. Crooker,* 224 S.W. 792 (Tex.Civ.App.-Texarkana 1920), aff'd 112 Tex. 450, 248 S.W. 652 (1923); *Brazos River Transmission Electric Coop. v. Triplett,* 225 S.W.2d 422 (Tex.Civ.App.-Waco 1949), no writ; *Jones v. Anderson,* 189 S.W.2d 65 (Tex.Civ.App.-San Antonio 1945), writ ref'd.

Today, we expressly hold that Art. 1918c, supra, was not enacted in contravention of Art. III, Section 56, supra.

■ Given our holding that the Legislature was authorized to create and establish the 194th Judicial District, it stands to reason that the Legislature was also empowered to pass additional legislation that would authorize that court to function in a judicious and effecient manner. In this instance, it chose to enact Art. 1918c, supra, the "Dallas County Magistrates Act," to assist, inter alia, the 194th Judicial District Court.

"The statute was [primarily] enacted in order to reduce the heavy criminal dockets in Dallas County. To accomplish this, the statute enables the appointed magistrates to assist district court judges by performing certain assigned functions and providing recommendations." *Scott v. State,* supra, at 258; *Howard v. State,* supra. It should not be questioned that the role that a magistrate plays in acting on behalf of the presiding judge of the 194th Judicial District is a role that is of great importance in aiding that district court to function in an efficient and proper manner.

■ We will next, and lastly, address the general order of referral signed by Judge Kinkeade that empowered Magistrate Wilson to act in this cause.

This Court, on its own motion, also granted review in order to determine whether the general order of referral issued by Judge Kinkeade complies with the provisions of Art. 1918c, supra. We find that this issue has already been decided in another case from Dallas County, see *Ex parte Stacey*, 709 S.W.2d 185 (Tex.Cr.App. 1986), in which a majority of this Court held: "[A] general order of referral is a proper vehicle under the act", and also held that there is "no requirement to name a particular magistrate or issue an order of referral separately for each case." We reaffirm those holdings.[3]

The judgment of the Court of Appeals is affirmed.

ONION, Presiding Judge, concurring in part and dissenting in part.

Appellant was convicted on May 26, 1982, of burglary of a building, and his punishment was assessed at four (4) years' confinement, probated. His probation was subsequently revoked and a four year sentence imposed.

On appeal appellant asserted the order revoking probation was void because his original conviction for burglary was fatally defective because it had been obtained by use of a magistrate under Article 1918c, V.A.C.S., then in existence, and that said statute was unconstitutional. He further urged on appeal that even if the statute was held constitutional his cause or case was never properly referred to a magistrate as required by Article 1918c, supra.

The Austin Court of Appeals rejected appellant's claim that Article 1918c, supra (Acts 1981, 67th Leg., p. 2546, ch. 678, eff. Aug. 31, 1981), was unconstitutional as a "local or special" law in contravention of Article III, § 56 of the State Constitution. The Court of Appeals also rejected appellant's contention that there was no proper order of referral. The Court of Appeals held that a 1981 general order of referral, entered prior to the "referral" of appellant's case to the magistrate, was sufficient to constitute a referral of appellant's case under Article 1918c, supra. See *Kelly v. State*, 686 S.W.2d 742 (Tex.App.-Austin 1985).

We granted appellant's petition for discretionary review to consider the correctness of the Court of Appeals' decision as to the constitutionality of the said 1981 version of Article 1918c, supra. On our own motion we granted review to determine the correctness of the holding that the 1981 general order of referral was sufficient to refer the cause to the magistrate.

Appellant challenges the constitutionality of Article 1918c, V.A.C.S., as originally enacted (Acts 1981, 68th Leg., p. 2546, ch. 678, eff. Aug. 31 1981)[1] as an impermissible "local or special law" in contravention of Article III, § 56, Tex. Const. Article 1918c, supra, provides for the appointment of magistrates by district judges in Dallas County whose courts give preference to the trial of criminal cases and by judges of criminal district courts of Dallas County, and provides for the magistrates to perform certain functions authorized by the statute. The statute is limited by its very terms to Dallas County.

Appellant relies upon the following portion of Article III, § 56 of the Constitution.

"Sec. 56 The Legislature shall not, *except as otherwise provided in this constitution*, pass any local or special law, authorizing:

\* \* \* \* \* \*

"Regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, justices of the peace, sheriffs,

---

**3.** Notwithstanding our previous and present holdings, where a particular cause has been referred by a district court judge to a particular magistrate, for record keeping and appellate purposes, if no other reason, we highly recommend that a "fill-in-the blanks" type of preprinted form be prepared and used for those causes, if such has not already occurred. Had this been done when the provisions of Art. 1918c, supra, were first being implemented, the statute might have been more favorably received by all members of this Court, rather than by just some members of this Court. Also see footnote 5 in *Kelley v. State*, 676 S.W.2d at 108.

**1.** Now see V.T.C.A., Government Code, §§ 54.-301–54.313.

commissioners, arbitrators or other tribunals, or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate. (Emphasis supplied.)

The courts have said from time to time that a law that applies only to a given locality is not a local law if the subject matter is of general interest or affects the State as a whole. See, e.g., *Clark v. Finley*, 93 Tex. 171, 54 S.W. 343 (1899). *The Constitution of the State of Texas: An Annotated and Comparative Analysis*, Vol. I, 274. And a law is not a local law if it is a matter in which the State at large is interested. *Lamon v. Ferguson*, 213 S.W.2d 86, 88 (Tex.Civ.App.-Austin 1948, no writ).

*Jones v. Anderson*, 189 S.W.2d 65 (Tex. Civ.App.-San Antonio 1945), as other cases, noted the exception clearly set forth in said Article III, § 56. Finding that Article V, § 1, another constitutional provision, authorized the creation of a criminal district, judicial district, criminal district court and a criminal district attorney of Bexar County, and the abolition of the office of County Attorney for Bexar County the *Jones* court rejected the claim that Article 52–161, V.A. C.C.P. (1925), was a special or local law.

Article V, § 1, Texas Constitution (Judicial power, courts in which vested):

"Section 1. The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace and in such other courts as may be provided by law.

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." Adopted Nov. 4, 1980, eff. Sept. 1, 1981.

2. See generally *Jordan v. Crudgington*, 149 Tex. 237, 231 S.W.2d 641, 644, 645 (1950); Tex.Jur. 3rd, Vol. 16, § 4, p. 232; *The Constitution of The*

Much could be written of the history of Section 1 of Article V of the 1876 Constitution,[2] but suffice it to say that the first paragraph of Section 1 refers to constitutional courts, and the second paragraph thereof refers to "such other courts," meaning courts other than constitutional courts, such as county courts at law, domestic relations courts, etc., often referred to as statutory courts. See *Jordan v. Crudgington*, 149 Tex. 237, 231 S.W.2d 641 (1950); *Johnson v. City of Dallas*, 78 S.W.2d 265 (Tex.Civ.App.-Dallas 1934, writ ref'd.).

In the instant case the Court of Appeals in disposing of appellant's contention that the Dallas County Magistrates' Act (Article 1918c, supra) was a "local or special law" apparently utilized only the second paragraph of § 1 of Article V. The court wrote:

"Texas Const.Ann. art. V, Sec. 1 (Supp. 1985) provides, *in pertinent part:*

"'The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other courts thereto.'

"The State contends that *this section*, rather than art. III, Sec. 56, is controlling in this case. We agree. We hold that art. 1918c is not an unconstitutional 'local or special law,' in violation of art. III, Sec. 56. The Legislature is authorized by art. V, Sec. 1 to create courts and organize those courts as they deem necessary. Appellant's first ground of error." (Emphasis supplied.)

By apparently utilizing only the second paragraph of said § 1 without much further discussion than above the Court of Appeals left its decision less than clear. Did the court intend to hold that Article 1918c, supra, created a statutory court (a Magistrate's Court for Dallas County) under the second paragraph of § 1 of Article V, which if valid, would be an exception to

*State of Texas: An Annotated and Comparative Analysis*, Vol. I, p. 366.

Article III, § 56?[3] Support for this conclusion is found in the fact that all the district courts in Dallas County referred to in Article 1918c, supra, and authorized to appoint magistrates are regular constitutional district courts created by the Legislature under the first paragraph of § 1, Article V, not the second paragraph.[4] The difficulty with this conclusion is that in *Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Cr.App. 1984), this Court, rejecting a claim that Article 1918c, supra, was, as a whole, unconstitutional as an attempt by the Legislature to delegate its constitutional authority for creation of courts to the county judiciary, held that Article 1918c did not create "courts" with independent jurisdiction, but simply authorized a procedure whereby magistrates, acting as surrogates and not judges, are appointed to assist the district court judges in certain limited matters. See also *Scott v. State*, 690 S.W.2d 256, 258 (Tex.Cr.App.1985); *Howard v. State*, 690 S.W.2d 252, 255 (Tex.Cr.App.1985). *Kelley* (not to be confused with the instant case), though decided earlier (July 3, 1984), was not cited by the Court of Appeals.

Whatever construction may be given to the Court of Appeals opinion, it is observed that the authority granted to the Legislature by Article V, § 1, Tex. Const., is plenary and has been so construed a number of times. *Ex parte Spring*, 586 S.W.2d 482, 484 (Tex.Cr.App.1978). This constitutional provision allows the Legislature to provide a flexible and adaptable judicial system. *Ex parte Spring*, supra; *Harris County v. Stewart*, 91 Tex. 133, 41 S.W. 650 (1897). The Legislature has the exclusive authority to create constitutional district courts, fix their territorial jurisdiction and determine their number, etc. *Pierson v. State*, 147

Tex.Cr.R. 15, 177 S.W.2d 975 (1944). Having the authority to create district courts, the Legislature, incident to such authority, has the power to provide for the proper functioning of such courts. This includes providing for the use of magistrates as in Article 1918c, supra. Such is an exception to the provisions of Article III, § 56, Tex. Const., prohibiting local or special laws. For the foregoing reasons, I concur in the result reached by the majority. The majority seems to have found the well-known rabbit trail and have erroneously analyzed the question, holding such things that the 194th District Court was created by § 7 of Article V rather than § 1. I dissent to the majority's reasoning.

Turning to the general "Order of Referral," I find that it was entered on October 1, 1981. At that time appellant had already been indicted for the burglary, the indictment having been returned on September 8, 1981. Therefore, the said order referring to the "Magistrate's Court" all "cases which have been indicted or have had such indictment duly waived by the defendant...." covered the instant case. The order also attempted to set out the scope of the magistrate's duties. The instant order is a far cry from the one in *Ex parte Stacey*, 709 S.W.2d 185 (Tex.Cr.App.1986). While I do not retreat from the position I took in *Stacey* in my opinions on original submission or in dissent on rehearing, I conclude the order suffices as to the instant case. I concur in the result reached by the majority as to the order.

I fully understand the underlying but unexpressed concern of the majority as to the effect of now holding general orders such as in *Stacey* invalid, but my reading

---

**3.** Article 2.09, V.A.C.C.P. (Who Are Magistrates), was amended in 1983 to include within that statute magistrates appointed under Article 1918c, supra (Acts 1983, 68th Leg., ch. 204, p. 883, eff. Aug. 29, 1983). Article 4.01, V.A.C.C.P. (What Courts Have Criminal Jurisdiction), was also amended in 1983 to include Article 1918c magistrates. These amendments were not mentioned in the instant opinion of the Court of Appeals.

The State in its brief filed in the Court of Appeals appears to rely upon all of § 1 of Article V, not just the second paragraph, but did

advance an additional argument. "The State wishes, however, to additionally address the situation created should the magistrate's court be viewed as a separate court contrary to the holding in *Kelley v. State*, supra [669 S.W.2d 329 (Tex.App.-Dallas 1983)]...."

**4.** See Article V, §§ 1, 7 and 8, Texas Const.; V.T.C.A., Government Code, §§ 24.007, 24.008, 24.309, 24.373, 24.374, 24.382, 24.383, 24.431, 24.432, 24.433, 24.468, 24.469, 24.901, 24.902, 24.903, 24.904, 24.905; see also § 24.115.

of the statute clearly shows that one general 1981 Order of Referral was never intended to be good then and forever more and for all cases to come. Upholding such general orders as in *Stacey,* while admonishing courts to do otherwise, will not bring the change needed. I concur.

McCORMICK, J., joins in this opinion.

CLINTON, Judge, dissenting in part and concurring in the judgment.

As broad as the exception is in Article III, Sec. 56—"except as otherwise provided in this Constitution," the Legislature shall not pass any local or special law authorizing matters therein proscribed—it does not admit evasion on the theory asserted by the State and accepted by the court of appeals, *viz:*

> "The State contends that this section [1, art. V], rather than art. III, § 56, is controlling in this case. We agree. We hold that art. 1918c is not an unconstitutional 'local or special law,' in violation of art. III, § 56. The Legislature is authorized by art. V., § 1 *to create courts and organize those courts as they deem necessary.* Appellant's first ground of error is overruled."

*Kelly v. State,* 686 S.W.2d 742, 743 (Tex. App.—Austin 1985).[1] That analysis turns both provisions upside down, and while the opinion of this Court sets them partially upright again it expresses some notions that put at risk those protections the Framers clearly intended.

In the first place, as constitutional history of Article V, Sec. 1 and related sections makes plain, the 194th Judicial District Court of Dallas County was *not* created by the Legislature pursuant to authority relied on by the State—the third paragraph of Sec. 1.[2]

A particular concern of the Framers was with preexisting "Criminal Courts" authorized by Article IV, Sec. 1, Constitution of 1866, and in Article V, Sec. 1, Constitution

of 1869. One effect of the 1876 version of Sec. 1 was to abolish all such courts but one expressly designated therein. For very special reasons the "Criminal District Court of Galveston and Harris Counties" was retained, and all other "criminal district courts" were to be established by the Legislature. See Interpretive Commentary and Historical Note following Sec. 1. Although the first paragraph of Sec. 1 alluded to "such other courts as may be established by law," it was uniformly held that the judicial system as provided in the Constitution could not be changed by the Legislature. *Ex parte Towles,* 48 Tex. 413 (1877); *Ginnochio v. State,* 30 Tex.App. 584, 18 S.W. 82 (1891); see also *Leach v. State,* 36 Tex.Cr.R. 248, 36 S.W. 471 (1896). Such decisions, it was later said, "nullified" the quoted language in Sec. 1. *Harris County v. Stewart,* 91 Tex. 133, 41 S.W. 650, 655 (1897).

As a reaction to those decisions, in 1891 an amendment added the third paragraph to Sec. 1, and thereby "restored" legislative power to "establish *such other courts* as it may deem necessary and prescribe the jurisdiction and organization thereof [et cetera]." See generally *Harris County v. Stewart,* supra, 41 S.W. at 655; *State ex rel. Rector v. McClelland,* 148 Tex. 372, 224 S.W.2d 706, 709–710 (1949). However, that authority pertains to courts other than those constitutional courts identified in the first paragraph of Sec. 1, vesting "the judicial power of this State," e.g., "in District Courts [and] in County Courts...." *Jordan v. Crudgington,* 149 Tex. 237, 231 S.W.2d 641 (1950).

That constitutional district courts are not within the contemplation of "such other courts" is shown by the fact that Article V, Sec. 7 of the 1876 Constitution first limited their number to twentysix judicial districts, whereas the 1891 amendment provided flexibility for the Legislature to apportion the State into as many judicial districts "as may now or hereafter be provided by law."

---

1. All emphasis is mine throughout this opinion unless otherwise indicated.

2. All such references are to that "third paragraph" as it appeared in Article V, Sec. 1, as amended in 1891. Since again amended in 1985, the content is now in the second paragraph of Sec. 1.

Thus there was a mechanism for establishing additional constitutional district courts with jurisdiction already provided by Sec. 8. Article III, Sec. 42 mandates the Legislature to "pass such laws as may be necessary to carry into effect the provisions of this Constitution." Authority to create courts is "inherent in the legislative department of the state," *Harris County v. Stewart*, supra 41 S.W. at 653. (The third paragraph in Sec. 1 "was adopted to abrogate the construction given in those [earlier] cases," *ibid.*, particularly to authorize the Legislature to "prescribe the jurisdiction and organization" for "such other courts" it may establish.)

Similarly, in Sec. 16 of Article V, the same Constitution of 1876 and its amendment in 1891 provided for jurisdiction of the "County Court," but—unlike Sec. 8—Sec. 22 specifically authorized the Legislature "by *local or general law*, to increase, diminish or change [its jurisdiction]." See Interpretive Commentary following. This coupled with Sec. 1 enabled the Legislature to create "such other courts" as, for one example, "county court at law." *Johnson v. City of Dallas*, 78 S.W.2d 265, 268 (Tex. Civ.App.—Dallas 1934), writ refused.

With respect both to constitutional district courts and to constitutional county courts, in *Jordan v. Crudgington*, supra, the Supreme Court accurately discerned the reason for the third paragraph of Sec. 1, *viz:*

"The amendment was not written into the Constitution for the purpose of authorizing the Legislature to establish more district or county courts. No question had ever arisen as to its authority to

do that. But the amendment was adopted for the purpose of making it certain that the Legislature had the authority to establish courts *other than constitutional courts*, and that its acts in establishing them should not be stricken down on the ground that they were violative of what might be conceived by vague implications to be the general spirit of the Constitution, or that they did not conform to the constitutional pattern for district or county courts. .... [T]he 1891 amendment expressly authorized the Legislature to establish not more of the same courts, but 'such other courts as it may deem necessary.' "

*Id.*, 231 S.W.2d at 645.

For those reasons, therefore, it is a grievous error to hold that the third paragraph of Article V, Sec. 1, authorized the Legislature to create the 194th Judicial District Court of Dallas County and to "prescribe [its] organization" in enacting Article 1918c, V.A.C.S.[3]

Instead, in the Judicial Districts Act of 1969, Article 199a, V.A.C.S. (also V.T.C.A. Government Code, Title 2, Chapter 24, Subchapter C, Sec. 24.301, ff), within its authority under Article V, Sec. 7, the Legislature created the 194th Judicial District, thereby bestowing the 194th Judicial Court with constitutional jurisdiction delineated in Sec. 8. The Legislature also declared that each court created in Subchapter C "has the jurisdiction provided by the constitution and the general laws of this state for district courts," *id.*, Sec. 2.009), albeit directing the 194th District Court to give preference to criminal cases, *id.*, Sec. 3.021(b). In

---

3. The State directly relies on *Jones v. Anderson*, 189 S.W.2d 65 (Tex.Civ.App.—San Antonio 1945), writ refused. However, a careful reading of the opinion in that case proves the point made above. The precise issue was whether the office of County Attorney of Bexar County had been effectively abolished by a legislative act that created the Criminal Judicial District of Bexar County, the Criminal District Court of Bexar County, the office of Criminal District Attorney of Bexar County, "prescribed the jurisdiction of such court, conformed the jurisdiction of other courts thereto, and provided for the organization of such court." *Id.*, at 66. The latter quoted portions describing the act obvi-

ously track the third paragraph of Sec. 1, plainly indicating that the Legislature had established one of "such other courts."

Moreover, as well as *Harris County v. Stewart*, supra, the San Antonio Court cited *Cockrell v. State*, 85 Tex.Cr.App. 326, 211 S.W. 939 (1919), and *Howard v. State*, 77 Tex.Cr.R. 185, 178 S.W. 506 (1915). Both deal directly with legislative creation of criminal district courts; each finds authority in the third paragraph of Sec. 1: *Cockrell*, at 941–942; *Howard*, at 508. Thus it has been said that "the jurisdiction exercised by [such other courts] is statutory," *Nymon v. Eggert*, 154 S.W.2d 157, 162 (Tex.Civ.App.—El Paso 1941), no writ history.

addition to other general provisions in Subchapter B, applicable to district courts, Sec. 2.010 directs that each such "special" district court created in Subchapter C "participate in all matters relating to juries, grand juries indictments, and docketing of cases in the same manner as the existing district court or courts which are similarly directed within that county."

Having thus created the 194th Judicial District and established the 194th District Court as an equal among constitutional district courts, the Legislature had the same inherent power and authority it has always possessed and exercised to organize a district court by providing for officers and personnel, their duties and responsibilities, their compensation, as well as for its functions and operations. As Chief Justice Hickman noted in *Jordan v. Crudgington,* supra 231 S.W.2d at 645, "No question had ever arisen as to its authority to do that." And, indeed, in 1891 the basic purpose and objective in adding the third paragraph to Sec. 1 of Article V was to authorize the Legislature to exercise its "full power" in creating more constitutional courts to establish "such other courts" and "prescribe the jurisdiction and organization thereof." *Ibid.* and *Harris County v. Stewart,* supra, 41 S.W. at 654–655; see discussion *ante* at pp. 43–44.

From the various holdings that otherwise valid provisions pertaining to organization of "such other courts" are not governed by Article III, Sec. 56, e.g., *Harris County v. Crooker,* 224 S.W. 792 (Tex.Civ.App.—Texarkana 1920), affirmed 112 Tex. 450, 248 S.W. 652 (1923); *Tom Green County v. Proffitt,* 195 S.W.2d 845 (Tex.Civ.App.—Austin 1946), no writ history, and authorities cited therein, *a fortiori* similar provisions for constitutional courts are "otherwise provided in this Constitution," through enactments implementing, e.g., Article V, Secs. 1, 7 and 8, and are not governed by Sec. 56. See *Harris County v. Crooker,* supra, 248 S.W. at 655. The Dal-

las County Magistrates Act may reasonably be regarded as just such an enactment.

Accordingly, while my analysis and rationale differ somewhat from that of the majority regarding Article V, Sec. 1 and Article III, Sec. 56, I reach the same result and, therefore, join the judgment of the Court.[4]

MILLER, J., joins this opinion except note 4.

---

**4.** Having dissented in *Ex parte Stacy,* 709 S.W.2d 185 (Tex.Cr.App.1986), I again register my continuing disapproval of the notion that "a general order of referral" suffices to comply with former Article 1918c. See *Wilson v. State,* 698 S.W.2d 145, 148–150 (Tex.Cr.App.1985). Recurring servings of such pabulum as in note 3 of the majority opinion and in note 5 of *Kelley v. State,* 676 S.W.2d 104, 108 (Tex.Cr.App.1984), will not nourish compliance.